On motion to strike testimony from abstract decided November 1, 1910. On the merits, submitted on briefs March 28, decided April 9, 1912.

## BAILEY *v.* BENTON COUNTY.

[111 Pac. 876 : 122 Pac. 755.]

APPEAL AND ERROR—MISTAKE IN ABSTRACT—CORRECTION—MOTION TO STRIKE.

1. If there is a mistake in an abstract on appeal as to the evidence, it may be corrected by respondent's filing an additional abstract, and until he does so a motion to strike such evidence from the abstract will not be granted.

STATUTES—TITLE—SUFFICIENCY.

2. Under Section 20, Article IV, Constitution of Oregon, providing that the subject of every act shall be expressed in its title, the title

of Laws 1903. p. 262, entitled, "An act providing for the establishment of county roads, for the appointment of supervisors and for the levy and collection of road taxes," etc., is sufficiently broad to include a provision embodied in Section 6375, L. O. L., defining the liability of counties for injuries to travelers on defective highways

Statutes—Title—Sufficiency.

3. Section 20, Article IV, Constitution of Oregon, providing that the subject of every act shall be expressed in its title, is not violated by a statute having various details properly germane to one general object, and, where all the provisions of a statute relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, the provisions are valid.

Constitutional Law—Statutes—Validity—Presumptions.

4. Every reasonable doubt as to the validity of a statute must be resolved in favor of its constitutionality.

Bridges—Injuries From Defects—Liability.

5. Section 6375, L. O. L., authorizing a recovery for injuries to travelers on defective highways or bridges, imposes on a county the duty to absolutely discover and know the condition of its roads and bridges, and makes a failure to do so actionable negligence, and a traveler injured on a defective bridge who shows that he was lawfully traveling thereon, that he received an injury by reason of a defect therein, that his own negligence did not contribute to the injury, and that he was ignorant of the defect, may recover, and no diligence in inspection by county authorities will protect the county from liability.

From Polk: George H. Burnett, Judge.

Plaintiff and respondent files motion to strike certain testimony from defendant's abstract on appeal.

Denied.

*Mr. James K. Weatherford* for the motion.

*Mr. E. R. Bryson, Mr. W. S. McFadden* and *Mr. Oscar Hayter, contra.*

Opinion by Mr. Chief Justice Moore.

This is a motion to strike from an abstract certain testimony, on the ground that it was not copied from the bill of exceptions. The transcript sent up contains a bill of exceptions showing that it was signed by the judge, and appended to the record is the certificate of the clerk, wherein he asserts that the transcript contains a full, complete and true copy of the bill of exceptions. An examination of the bill referred to reveals that it

embraces the identical testimony assailed. If any mistake has been made in the appellant's abstract, the respondent can file an additional abstract and· have the record corrected. Rule 5 of the Supreme Court (50 Or. 572: 91 Pac. viii).

· Until an amendment has been made in the manner indicated, the motion should be denied; and it is ordered.

MOTION DENIED.

Decided April 9, 1912.

ON THE MERITS.

[122 Pac. 755.]

Statement by MR. JUSTICE McBRIDE.

This is an action by M. Bailey against Benton County to recover for injuries caused by the breaking down of a county bridge over which plaintiff was driving a team drawing a wagon loaded with wood. The statute under which a recovery is sought is found on page 280, Session Laws 1903, and comprises Section 6375, L. O. L. · The title of the act of 1903 is as follows:

"An act to provide for laying out, establishing, constructing, improving, and relocating county roads; providing for the establishment of road districts and the appintment of supervisors therein, and prescribing their duties and compensation; providing for a board of county road viewers, and for the appointment of a county road master, prescribing their duties and fixing their compensation; providing for the levy and collection of the general tax, and for the manner of expending the same; providing for the special improvement of county roads by district taxation, for holding district meetings, and prescribing the qualifications of voters at such meetings; providing for roads of public easement, and the manner of laying out and improving the same; providing for the construction and ·maintenance of roads, bridges, and fences; providing penalties for violations of this act; fixing the compensation of surveyors and their helpers; and repealing Articles I, II, III, IV, V, VII, VIII, IX, X, XI, XII, XIII, XIV, and Section 4904 of Article

XXI of Chapter X, and Section 4965 of Article II of Chapter XI and Article I of Chapter XII, all contained in Title XXXIX of the Code of Oregon, as compiled and annotated by the Honorable C. B. Bellinger and William W. Cotton."

On the trial defendant called G. W. Smith, a county commissioner, of Benton County, and propounded to him, among other questions, the following:

"Q. What, if anything, do you know as to the condition of that bridge, the Thornton bridge, where this accident occurred, on the 6th day of May, immediately after this accident, and immediately before the accident?" Plaintiff objected to this question on the ground that it was incompetent, irrelevant, and immaterial. The court sustained the objection, defendant excepted to the ruling, and the exception was allowed. Defendant then offered to prove by this witness, and stated that, if allowed to testify, he would swear that about April 1, 1907, the county commissioners thoroughly examined the bridge mentioned in the pleadings, in company with T. B. Williamson, the road supervisor, and a competent bridge builder, and that the bridge was found to be in good condition; that no defect was found in the bridge; that the commissioners made frequent examination of this and other bridges. The court rejected the offer and refused to permit the introduction of the testimony offered, to which ruling defendant duly excepted and the exception was allowed. Plaintiff obtained a verdict, and defendant appeals.                    AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. xi).

For appellant there was a brief over the names of *Mr. E. R. Bryson, Messrs. McFadden & Clarke* and *Mr. Oscar Hayter.*

For respondent there was a brief over the name of *Mr. James K. Weatherford.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The first contention of appellant is that Section 6375, L. O. L., under which this recovery was had, is void because its subject-matter is not sufficiently specified in the title of the act of which it forms a part. This involves a consideration of Section 20, Article IV, Constitution of Oregon. That part of the section to be considered here, reads as follows:

"Every act shall embrace but one subject and matters properly connected therewith which subject shall be expressed in the title." etc.

The act in question is very comprehensive in its scope, being a general revision of all our previous road legislation; and, while the question of recovery from the county, in case of injury upon public roads, is not expressly mentioned in the title, we think that subject is so related to general legislation, pertaining to public roads, that it may be said to be "properly connected" with the general subject which was the purpose of the act, namely, the laying out, working, keeping in repair and managing public roads.

2. As was remarked by Mr. Justice BEAN in *State* v. *Shaw*, 22 Or. 267 (29 Pac. 1028). "If all the provisions of the law relate directly or indirectly to the same subject, are naturally connected, and are not foreign to the subject expressed in the title, they will not be held unconstitutional as in violation of this clause of the constitution. * * This clause is not violated by any legislative act having various details properly pertinent and germane to one general object. The question is whether, taking from the title the subject, we can find anything in the bill which cannot be referred to that subject."

3. This view is amply sustained by the authorities

cited in the opinion referred to, and in the light of these authorities, and remembering that cardinal doctrine of construction, that every reasonable doubt as to the validity of a statute must be resolved in favor of its constitutionality, we hold the section in question to be valid.

4. The preliminary question being disposed of, we shall proceed to the construction of the section. In our opinion these are the plain conditions prerequisite to a recovery: (1) Plaintiff must have been lawfully traveling upon the highway. (2) He must have received an injury by·reason of a defect in the highway. (3) His own negligence must not have contributed to such injury. (4) He must have been ignorant of the defect. If the defect exists under these conditions no diligence in inspection will protect the county from liability. The law imposes upon the county the duty to absolutely discover and know the conditions of its roads and bridges, and practically makes its failure to discover these actionable negligence. The statute is drastic and perhaps vicious. In the opinion of the writer, speaking for himself, and not for the court, it is so, but we can only declare the law as we find it.

In this view, evidence offered by defendant to show that the bridge was officially examined a month before the accident occurred and no rottenness or defect discovered was not relevant. It is not sufficient that Smith examined the bridge and found no defect, especially where his competency to make such examination and to discover defects is not shown. The fact remains that the bridge fell; that it was actually rotten, and no diligence of the county officials in inspecting roads and bridges can operate as a defense.

The judgment is affirmed.          AFFIRMED.

Mr. Justice BURNETT took no part in this decision.