Argued April 22; affirmed May 12, 1931

## LEESI *v.* YAMHILL COUNTY
### (298 P. 911)

*William P. Lord,* of Portland (Lord & Moulton, of Portland, on the brief), for appellant.

*E. B. Tongue,* of Hillsboro, and *Earl A. Nott,* of McMinnville, for respondent.

CAMPBELL, J. This action is brought by plaintiff against Yamhill county to recover damages alleged to have been sustained by reason of a defective and dangerous condition of a bridge on a county road in said county.

Plaintiff in his complaint alleges the organization of the county and that defendant has kept and maintained the said bridge in a defective and dangerous condition and kept the same open for traffic; and then proceeds:

"Heretofore on the twentieth day of October, 1928, said defendant carelessly and negligently permitted certain holes and plank ends in said bridge to obstruct the same and render the same unsafe for traffic, and carelessly and negligently failed and neglected to construct a strong and efficient railing on said bridge, and carelessly and negligently maintained on and along said bridge a certain weak, insufficient, old and decayed railing, and said defendant then and there well knew the dangerous and defective condition of said bridge, and well knew that by reason of said holes and plank ends, and the obstruction formed thereby, motor vehicles crossing the same were apt to be deflected from their course, and thrown against said railing, and that the said railing was defective and insufficient, and that such motor vehicles were apt to be, by said defective conditions, thrown from said bridge, and persons and property injured thereby, but said defendant notwithstanding said knowledge, carelessly and negligently maintained said bridge and railing in said defective condition, and carelessly and negligently failed to repair the same, erect or post any warning of the defective and dangerous condition thereof, and thereupon, while plaintiff was in a lawful and proper manner driving across said bridge in an automobile, owned and operated by him, the said automobile struck said plank ends and holes, and was deflected from its course against said railing, and by reason of said defective condition of said railing, and

of said obstructions and plank ends, was thrown off said bridge, and fell a distance of about twenty feet, and thereby plaintiff was bruised and injured about his body and limbs, * * * to his damage in the sum of $1,750.''

He then alleged presentation of his claim to Yamhill county, and that the claim was disallowed.

For a second cause of action he alleges the said set of facts, and that his automobile was damaged in the sum of $250.

To this complaint the defendant filed an answer admitting the organization of the county, the presentation of the claim and its disallowance, and that defendant kept and maintained the bridge referred to, and denied all the acts of negligence and the injury alleged in the complaint, and for a further and separate answer alleged:

''* * * that said road at the west end of said bridge has a double turn in it and runs considerably down grade in approaching the said bridge from the west; and that plaintiff lives in the vicinity of said road and bridge and travels the same practically every day, and is thoroughly familiar with said road and bridge and the conditions thereof; that on or about the twentieth day of October, 1928, plaintiff carelessly, recklessly and negligently drove and operated an automobile in an easterly direction down said road and grade and around said turn and onto said bridge at a high rate of speed recklessly and negligently failing to have said automobile under control, and while carelessly and negligently permitting the steering gear of said automobile to be and maintained the same in a stiff and improper condition, which made it impossible to properly and easily steer said automobile in that the steering gear would bind and would not respond to the touch of the driver, and while so negligently and carelessly driving said automobile in said improper and unsafe condition, and negligently failing to have

said automobile under control, plaintiff did carelessly and negligently drive said automobile onto the left side of said bridge at the west end thereof, and did then and there carelessly and negligently suddenly jerk said automobile back to the extreme right, and cause it to plunge into the railing on the right end side of the south end of said bridge and fall to the ground below;''

That this was the same accident referred to in plaintiff's complaint and whatever damages he suffered was by reason of the carelessness therein set out. The same set of facts were set up in answer to the plaintiff's second cause of action.

Plaintiff thereafter filed his reply denying each and every allegation of new matter alleged in defendant's answer.

The cause was filed in Yamhill county and by stipulation transferred for trial to Washington county. The case was tried and submitted to a jury, and resulted in a verdict and judgment for the plaintiff. Seasonably, defendant moved that the verdict be set aside and a new trial granted. This motion was based on fourteen specified grounds. The court granted the motion and from that order this appeal is taken.

■ The only part of the case presented here is the abstract of record required by rule 11 of this court. In this state of the record we must affirm the trial court and remand the case.

The court in granting the motion for a new trial gave as his reason that the complaint does not state facts sufficient to constitute a cause of action, that being the first ground specified on which the motion was based, and said nothing about any of the other thirteen grounds. However, as the cause must be

remanded we shall pass upon such errors as are presented by the record, so as to advise court and counsel on a retrial.

This action is founded upon the following statute:

"Whenever any individual while lawfully traveling upon any highway of this state or bridge upon such highway, the same being a legal county road, shall, without contributory negligence on his part, and without knowledge upon his part of the defect or danger, sustain any loss, damage, or injury in consequence of the defective and dangerous character of such highway or bridge, * * * he shall be entitled to recover of the county in which such loss, * * *": Oregon Code 1930, § 44-3401.

■ So it will be seen that there are really five conditions precedent to his recovery: 1. He must have been lawfully traveling on a highway or bridge upon such highway. 2. The highway must have been a legal county road. 3. He must have been free from contributory negligence. 4. He must have been without knowledge of the defect or danger. 5. He must have sustained a loss, damage or injury in consequence of the defective and dangerous character of such highway or bridge. Until all these conditions prerequisite or precedent are made to appear, there is no cause of action against the county: *Bailey v. Benton County,* 61 Or. 390 (111 P. 376, 122 P. 755); *Gigoux v. Yamhill County,* 73 Or. 212 (144 P. 437); *Spencer v. School District No. 1,* 121 Or. 511 (254 P. 357).

"A statutory condition precedent as a basis of a right must be pleaded; and a distinction is drawn between pleadings in respect to such a right and one independent of the statute, but whose enforcement is regulated and limited by law": 21 R. C. L. 463.

■ Plaintiff has no right of action against the defendant independent of statutes: *Templeton v. Linn*

*County*, 22 Or. 313 (29 P. 795, 15 L. R. A. 730);
*Schroeder v. Multnomah County*, 45 Or. 92 (76 P. 772);
*Gearin v. Marion County*, 110 Or. 390 (223 P. 929);
*Spencer v. School District No. 1*, supra.

It is clear that the complaint does not negative knowledge on the part of plaintiff of the alleged defects of which he complains. He, however, contends that this is cured by defendant's answer. The only meaning the average man would draw from the language of the affirmative allegations in the answer is that the bridge in question and the approach thereto required the traveler, in the exercise of ordinary care, to use caution in the rate of speed at which he traveled, and the condition of the automobile in which he rode, and with this knowledge plaintiff drove at an excessive rate of speed and with the steering gear of his car in faulty condition. That this negligence was the proximate, or at least a contributing, cause of any injury he may have sustained to his person or property.

The answer denies all the allegations of the complaint as to any defective condition of the bridge. In other words, the answer describes the character of the bridge and the road leading thereto, and alleges knowledge on the part of plaintiff of this particular character and condition. It in no way alleges or admits a defective condition of the bridge.

"A failure to allege performance of a condition precedent to a contract is fatal to an action thereon, and is not cured by failure of defendant to raise such defense, or by verdict and judgment in his favor, or by any implication in the answer": 21 R. C. L. 462; *Arnold v. American Insurance Co.*, 148 Cal. 660 (84 P. 182, 25 L. R. A. (N. S.) 6).

■ Ordinarily in pleading performance of conditions precedent, it is not necessary to state facts showing performance, but it may be stated generally.

"Or as it is sometimes expressed, the facts as to conditions precedent may be pleaded according to their legal effect": 21 R. C. L. 462, and cases therein cited.

■ The reply does not aid the complaint herein, for it simply denies the new matter of the answer.

It is not possible to pass on any of the other grounds alleged as error in the motion for a new trial without a more complete record than has been presented.

The judgment of the lower court is affirmed and the cause remanded to the circuit court where permission may be applied for to amend the pleadings.

BEAN, C. J., and BROWN, J., concur.