[Civ. No. 10706. First Appellate District, Division Two.—June 30, 1938.]

EMMA J. RUBELL, Respondent, v. SANTA CLARA COUNTY (a Body Corporate and Politic), Appellant.

Fred L. Thomas, District Attorney, and John P. Fitzgerald, Chief Deputy District Attorney, for Appellant.

Maurice J. Rankin and C. E. Luckhardt for Respondent.

SPENCE, J.—Plaintiff sought damages for personal injuries sustained in an automobile accident alleged to have been caused by a dangerous condition of certain highways of which the board of supervisors of the defendant county had knowledge and which said board had failed and neglected to remedy within a reasonable time. The cause was tried by the court sitting without a jury and from a judgment in favor of plaintiff, defendant appeals.

The contentions of appellant are first, that the evidence was insufficient to sustain the finding that a dangerous condition existed and second, that even assuming that the evidence was sufficient for that purpose, it was insufficient to sustain the finding that the board of supervisors had knowledge thereof. We find no merit in these contentions.

It has been said that when dealing with cases under the statute in question (Stats. 1923, p. 675), "Each case must depend upon its own state of facts, and so varying are the factors which contribute to produce a result that no hard and fast rule may find practical application in the great majority of cases." (*Rafferty* v. *City of Marysville,* 207 Cal. 657, 661 [280 Pac. 118]; *Waldorf* v. *City of Alhambra,* 6 Cal. App. (2d) 522, 526 [45 Pac. (2d) 207].)

It is difficult to describe briefly and accurately the unusual condition of the highway which is shown by the evidence in this case. This condition was made clear to the trial judge not only by oral testimony together with numerous photographs and diagrams, but the trial judge also had the benefit of a visit to the scene of the accident to view the condition which existed.

The accident occurred on a dark night at the westerly end of Hillsdale Avenue where said avenue terminates at Almaden Road just after crossing the bridge over Guadalupe Creek. Both roads are two lane highways. The bridge is about 83 feet long and appears to be a concrete structure with low concrete walls at either side thereof. Hillsdale Avenue is a straight, level road for approximately one mile east of the bridge. On the immediate approach to the bridge from the east the road has a gradual and very slight rise continuing to the west side of the bridge. From there the road descends rather abruptly, dropping 30½ inches in 48 feet to the easterly edge of the pavement of Almaden Road. It then drops 6 inches to the westerly edge of Almaden Road where there is an abrupt drop of approximately 29 inches to the level of the orchard which is at the west of the intersection. No signs of any kind or character were maintained on either Hillsdale Avenue or Almaden Road giving notice of the termination of Hillsdale Avenue or of the intersection thereof with Almaden Road. On the descent from the bridge to Almaden Road, there was a layer of loose gravel on the macadam surface which affected the traction of automobile tires and interfered with retarding the progress of an automobile by the application of brakes.

On the night in question respondent was riding as a passenger in an automobile which was being driven in a westerly direction along Hillsdale Avenue. Neither respondent nor the driver was familiar with the road or with the condition existing at its intersection with Almaden Road. The driver was operating the automobile at a speed between 40 and 45 miles per hour. When the car had passed the center of the bridge, the driver first discovered that Hillsdale Avenue terminated at an intersection with another road. He immediately applied his brakes but because of the grade of the road and the loose gravel on the macadam surface, he

was unable to stop the car before it ran off the end of the road and overturned in the orchard.

Various witnesses testified that many accidents had occurred by persons running off the end of Hillsdale Avenue into said orchard. While there was no direct evidence to show that the members of the board had actual knowledge of these accidents, it appeared that they were generally familiar with the conditions at this intersection and that the supervisor from that district was fully acquainted with the conditions which the trial court found to be dangerous. It appeared that he had traversed said intersection at least once a month over a period of many years; that he knew of the grade of the road near the end of Hillsdale Avenue and the presence of gravel on the macadam surface; that he knew that the directional sign, which had previously stood at the intersection on the westerly side of Almaden Road, had been knocked down or destroyed some two years prior to the accident and had not been replaced; that he knew that no signs, warnings or barriers of any kind were maintained near the termination of Hillsdale Avenue, although he had caused a barricade or warning sign to be erected at the intersection of Pearl Avenue and Hillsdale Avenue, which was only a short distance from the intersection in question.

In view of the evidence as briefly summarized above and also in view of the fact that the trial judge visited the scene and learned the actual condition of the grades and of the surface of the roads together with the appearance of the scene as the driver approached the intersection, it cannot be said as a matter of law that the evidence was insufficient to sustain the challenged findings. (*Bennett* v. *Kings County,* 124 Cal. App. 147 [12 Pac. (2d) 47].)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 30, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1938.