Argued February 16, affirmed March 9, 1955

# De PHILLIPS ET UX. *v.* STATE HIGHWAY COMMISSION

### 280 P. 2d 763

*Tallant Greenough,* Coquille, argued the cause and filed briefs for appellants.

*Ralph W. G. Wyckoff,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, C. W. Enfield, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, and Leonard I. Lindas, Assistant Attorney General, Salem.

Before WARNER, Chief Justice, and LUSK, BRAND and LATOURETTE, Justices.

LATOURETTE, J.

On March 22, 1952, plaintiffs, August De Phillips and Nancy De Phillips, filed an action against the defendant, State Highway Commission, to recover damages occasioned by change of grade of Chetco avenue in the unincorporated town of Brookings in Curry county. From a judgment entered on a directed verdict for defendant, plaintiffs appeal.

The question posed is whether damages are recoverable by an abutting property owner for the lowering of a street grade in an unincorporated town.

Whether or not plaintiffs have a cause of action depends upon a proper interpretation of § 100-125, OCLA, ORS 373.040, which reads as follows:

"If consent is given by the governing body of any city or town to the commission to change any grade of any street as the same may have been established or maintained by the consenting city or town and pursuant thereto the highway commission shall change the grade of such road or street, then the state shall be liable for and shall pay just and reasonable compensation for any damage or injury to any real property abutting upon such road or street affected by such grade change. Any person having any right, title or interest in any such real property hereby is given and granted a cause of action against the state of Oregon to enforce payment of such compensation. Any such action may be commenced and maintained in the circuit court of the state of Oregon for the county in which said real property is situated and any party to any such action is hereby given the right to appeal from the final judgment of any circuit court to the supreme court of the state of Oregon. * * *"

Plaintiffs argue that the above section relates to unincorporated as well as incorporated towns, that the governing body of Brookings at the time of the lowering of the Chetco avenue grade was the county court of Curry county, and that since the highway commission did not have the consent of that body its acts were illegal and plaintiffs have a cause of action for the damages suffered therefrom.

■■ Before passing to the main phase of this matter it may be noted that the above section gives property owners a right of action against the highway commission for damages for change of grade *if consent is given by the governing board,* etc. It is clear that the consent is a condition precedent to the bringing of an

action and since no consent was pleaded nor any evidence submitted that the consent of any governing body was given, plaintiffs are without relief. *Leesi v. Yamhill County,* 136 Or 295, 298 P 911.

■ However, we do not believe that the above section applies to unincorporated towns. In construing § 100-125 we must give consideration to § 100-122, OCLA, ORS 373.010 and § 100-123, OCLA, ORS 373.030, all of which are a part of ch 529, Oregon Laws 1939. Section 100-122 reads as follows:

"The commission is authorized and directed, whenever the route of any state highway passes through the corporate limits of any incorporated city or town of this state, to select and designate the street or streets of such incorporated city or town over which the said state highway shall be routed * * *."

Section 100-123 reads as follows:

"The commission is authorized and empowered to construct, reconstruct, pave and improve, and is authorized and directed to repair and maintain streets and roads through incorporated cities and towns where such streets and/or roads form a link in the highway system of the state or constitute a connection between two such highways, and which streets and/or roads have been designated by the highway commission as the street, streets or roads over which there is routed state highway traffic; *provided, however, that the state highway commission shall have no authority to change or establish any grade of any street or road without the consent of the governing body of such city or town.*" (Italics supplied.)

Under § 100-123 before the highway commission may change the grade of any street in an incorporated city or town it must have the consent of the governing body of *such* city or town; it is therefore clear that the

*consent* of the governing body of any city or town mentioned in § 100-125 means that of an incorporated city or town.

■ The construction that plaintiffs put upon § 100-125 is strained and unworkable. The argument that the county court is the governing body of an unincorporated town is in our opinion far-fetched. It is true that it has jurisdiction over the county roads of an unincorporated town unless the highway commission has adopted them as state highways (§ 100-132, OCLA, ORS 366.320) as was done so far as Chetco avenue was concerned, but this does not make it the governing body of the town. It might just as well be argued that a school board is the governing body of a town because the school district over which it exercises jurisdiction includes the territory of the town.

In view of the foregoing it will be unnecessary for us to determine whether plaintiffs' property abuts on the highway. It appears that prior to the grade changing the highway commission purchased from plaintiffs' predecessor a ten-foot strip lying between plaintiffs' property and Chetco avenue.

Affirmed.