■ EDITH CARTHAY et al., Respondents, v. COUNTY OF ULSTER, Appellant. — Appeal from a judgment entered upon a verdict at a Trial Term, Supreme Court, Ulster County. On May 10, 1953 Edith Carthay drove a car on a curve in a highway maintained by defendant county. The car went off the road and the driver and the infant plaintiff were injured. On the basis of the nature of her injuries, including damage to the brain, the driver's failure to remember anything of the occurrence is explained in the record and the children in the car were too young to relate it. There was no testimony by any witness to the actual accident. The verdicts based on the negligence of the county, therefore, depend on circumstantial evidence. The road at the

point of accident is described as making a sharp right curve in the direction the car was moving, "down over a decline". On the left, or outside of this curve, is a ravine near a stream. The car went over this bank. The surface of the road was at this point covered by what witnesses described as "soft asphalt" or "tar without pebbles showing through". It had a softness and "give" when one walked on it. It had been raining just before the accident and the pavement was still wet. A witness described the surface further: "the tar had bubbled up from the ballast or stone used in the road to form a slick, fatty surface." It is elsewhere described as having "bleeding slick spots." Marks described as "squeegee" marks were observed on the road where a car "skidded sideways" on the road and left marks there as well as on the shoulder. Physical conditions on the side where the plaintiff's car went off the road indicated rather clearly these marks were made by that car. There was testimony that this condition had existed for a long time and that there had been previous accidents at this place due to the road surface and the curve. There is proof that such a surface condition indicates improper maintenance and the use of more binder than necessary to seal the stones, causing flow of the binder in hot weather. There is also proof by an engineer that the curve was not properly banked and that there was a lack of uniformity in its design; that the barriers on the outside of the curve where the car went over the embankment were inadequate and that the road sign gave no notice of the slipperiness of the road when wet. In these circumstances we think the jury could have found that the road at this point was dangerous; that it was negligently maintained and that the negligence of the defendant caused this accident. The case presents a closer question as to whether the adult plaintiff driver has met the burden of showing herself free from any negligence. But where the absence of direct proof on this subject is explained, such a burden, as well as the main burden of showing negligence in the case, may be met by circumstantial evidence. There is proof of no damage to the front part of the car from which it might be inferred that the driver was not operating at a fast rate of speed. The finding that the car skidded, which the jury necessarily made in returning its verdict, and the physical facts indicating a sideway skid, might suggest to the jury that a sudden skid due to the pavement condition rather than a momentary lack of attention of the driver was the cause of the accident, and skidding itself is not negligence. The car was new, in excellent mechanical condition as to equipment; and the driver not only had three young children with her, but no reason for haste. These circumstantial facts seem to us to give basis for the jury's finding of absence of contributory negligence. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.