been a change in the degree of disability, and that this had not been found "and, therefore, not contemplated" at the time of the lump sum settlement. The record before us presents a classic case of the kind of situation which the Legislature had in mind in authorizing the opening of a lump sum settlement. Cases cited by appellant, such as *Matter of Primus* v. *Continental Forge & Tool Co.* (7 A D 2d 178) and *Matter of Shafaransky* v. *Cosmos Footwear Corp.* (277 App. Div. 803) are cases in which it ought not to have been found, and was not found, that the earlier condition had changed or had not been fully apprehended medically when the lump sum settlement was made. Those cases are not in point in this controversy. The board was justified on this record in reopening the lump sum adjustment. Decision and award unanimously affirmed, with costs to respondents, Simonds Saw & Steel Company and its carrier against appellant.

■    WILLIAM FISHER, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 36252.) — Appeal from an order of the Court of Claims. This claim against the State of New York, based on a purported suppression of evidence by an Assistant District Attorney of New York County in a criminal action against claimant, has been dismissed for insufficiency. Responsibility of the State to pay damages for the tort of an Assistant District Attorney is not demonstrated. (Public Officers Law, § 2; *Ritter* v. *State of New York,* 283 App. Div. 833; *Fishbein* v. *State of New York,* 282 App. Div. 600.) Order unanimously affirmed, without costs. [23 Misc 2d 935.]

In decisions Nos. 7–23: Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.

■    (A) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ROBERT JOSEPH BISHOP, Defendant. (B) H. B. A. REALTY CO., INC., Appellant, v. ALBERT KOFFMAN et al., Defendants-Respondents and Third-Party Plaintiffs-Respondents. WARREN F. SCHROEDER et al., Third-Party Defendants-Respondents. (C) JOSEPH SZIWACH, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 35435.) (D) In the Matter of the Claim of CHRIS SCHULTZ, Respondent, v. CITY OF NIAGARA FALLS, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. (E) GRACE FOLEY, as Administratrix of the Estate of JOHN F. FOLEY, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33040.) (F) ISRAEL MOORE et al., Respondents, v. DOUGLAS WASHBURN, Appellant. (G) In the Matter of the Claim of MILLICENT EDWARDS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (H) In the Matter of the Claim of JOSEPH L. CALONE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (I) In the Matter of the Claim of JAMES BOLAND, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (J) In the Matter of the Claim of ANDREW DE PIERRO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (K) In the Matter of the Claim of ALBERT A. GELZER, JR., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (L) In the Matter of the Claim of CAROLE ORLISS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (M) In the Matter of the Claim of MAY MILLER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (N) In the Matter of the Claim of NANCY CUNEO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (O) In the Matter of the Claim of SIMON R. PERLMUTTER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (P) In the Matter of the Claim of ALFRED J. MARCHIAFAVA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— [In each action] Appeals dismissed, with costs,

unless appellants shall file and serve records, briefs and notes of issue on or before April 17, 1961 and be ready for argument at the term to commence May 15, 1961, in which event motions denied.

■ (A) In the Matter of the Claim of WILLIAM KATZ, Appellant, v. SERVICED MAILING et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) IRENE O. ACKEY, as Guardian ad Litem of JOSEPH J. PERRIA, an Infant, Respondent, v. JEAN P. BRUNEAU, Appellant. (C) BERNARD B. BARR, Appellant, v. EDMUND HENNEL, Doing Business as HENNEL'S SERVICE STATION, Appellant, and SHELL OIL COMPANY, Respondent. (D) In the Matter of the Claim of MELVIN A. DAVIS, Appellant, v. NEW YORK STATE DEPARTMENT OF PUBLIC WORKS, DIVISION OF HIGHWAYS, et al., Respondents. SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. (E) In the Matter of the Claim of REGINALD E. BROOKS, Appellant, v. ALCO PRODUCTS, INC., Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. (F) LOUIS C. LEHMAN, Respondent, v. MARTIN A. LUCY, Appellant. (G) In the Matter of the Claim of RAUL CARRASQUILLO, Appellant, v. MO JO REALTY CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— [In each action] Motion to dismiss appeal granted, without costs.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARLAND GEORGE HOWE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR FONSECA, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD E. DE GROAT, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— [In each action] Permission to prosecute appeal as a poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Motion in all other respects denied.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EARL JONES, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Permission to prosecute appeal as a poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Time to perfect appeal extended to the term to commence May 15, 1961. Motion in all other respects denied.

■ In the Matter of EDITH LEE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Permission to prosecute appeal as a poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Application for assignment of counsel granted and Martin Gallin, Esq., 384 East 149th St., New York 55, New York, is assigned, he having consented to appear as claimant-appellant's attorney on appeal.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES J. LONG, JR., Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE W. KAHLER, JR., Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NELSON TROCHE, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEON E. WEST, Appellant.— [In each action] Time to perfect appeal extended to the term to commence May 15, 1961.

■ In the Matter of the Claim of IDA FRIEDMAN, Respondent-Appellant, v. FADA OF NEW JERSEY, INC., Respondent, and NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, Appellant-Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or for permission to appeal to the Court of Appeals denied, without costs.