Argued April 12, affirmed June 13, 1962

# CLARY v. POLK COUNTY
### 372 P. 2d 524

*Charles M. Lovett,* Portland, argued the cause for appellant. On the briefs were Veatch, Bauman & Lovett, Portland.

*James W. Lock,* Gresham, argued the cause for respondents. On the brief were McAllister, Burns, Gustafson & Lock, Gresham.

Before WARNER, Presiding Justice, and SLOAN, O'CONNELL and GOODWIN, Justices.

WARNER, J.

This is an appeal from a judgment against the County of Polk for damages for injuries suffered by plaintiffs, Dell L. and Marie L. Clary, husband and wife, when their car failed to negotiate a curve on Polk County Road No. 681. Each plaintiff filed a separate action to recover $2,000 for damages which each sustained. By stipulation the cases were tried together and the jury returned verdicts in favor of both plaintiffs. The court thereafter denied defendant's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. From the resulting judgments, the county appeals.

The actions were brought under ORS 368.935, which provides:

"Whenever any individual, while lawfully traveling upon any highway of this state which is a legal county road or bridge upon such highway, without contributory negligence and without knowledge of the defect or danger, sustains any loss, damage or injury in consequence of the defective and dangerous character of the highway or bridge, either to his person or property, he is entitled to recover of the county in which the loss, damage or injury occurred, compensatory damages, not exceeding $2,000 in any case, by an action in the circuit court of the county, or in a justice's court in the county if the amount of damages sued for does not exceed $250."

Defendant advances two assignments of error which may be restated as the only questions requiring our solution: (1) did the court err in admitting evidence of prior accidents at the same point in the county road where plaintiffs experienced their mishap; and (2) was there sufficient evidence of a dangerous and defective condition of the road in terms of ORS 368.935, supra?

■ We take the following statement relating to the condition of the road and the manner in which the accident occurred from the county's opening brief. It has the approval of plaintiffs, except as to one particular as hereinafter noted:

"About 11:30 A.M. on December 28, 1958, plaintiff Dell Clary was driving the 1956 Dodge station wagon of the plaintiffs in a southerly direction on Polk County Highway No. 681, also known as the Agency Road, and approaching a curve approximately one-half mile north of Grand Ronde in Polk County, Oregon. Mrs. Clary was the only other occupant of the car.

"Evidence of the following facts is uncontradicted. The road had been there about 25 years. *The surface was oil mat asphalt rock* 18 feet in width. On the right hand side of the curve there was a ditch about two feet wide located about three and a half feet from the edge of the pavement. Next to the ditch was a small bank. Six to eight sight posts had been placed by the county around the curve on top of the bank but only two or three were standing at the time of the accident. The land on the south side of the curve sloped down. The curve was a left hand curve changing direction from south to east, the way the plaintiffs were travelling. There was dispute in the testimony as to the slope or superelevation of the highway at the curve. The plaintiffs' evidence tended to show that the curve was flat or sloped the wrong way at the outer edge of the south-bound lane. Defendant's evidence showed that there was about two feet of slope or superelevation in the paved portion of the road throughout the curve. There was also dispute in the testimony as to whether there were any warning signs posted at the approach to the curve. Plaintiffs' evidence showed there were none. Defendant's evidence showed that originally two signs had been erected but on inspection a few days following the accident only one was there; that sign was tilted away from the highway about two feet out of plumb but was visible to approaching traffic.

"Plaintiff Dell Cary [sic] testified that he approached the curve at approximately 40 M.P.H.; that it had been raining all morning, was raining at the time of the accident, and there was water on the road. When he saw the curve he just touched his brakes a little to kind of check the speed, because he thought maybe he was going a little too fast, and he didn't have control of the car at all. He turned the wheel, anyway, and it didn't respond at all. About halfway through the curve the car slid off the road into the embankment and rolled

over once, coming to rest on its wheels about 20 feet off the road. Both Mr. and Mrs. Clary were injured and their car was damaged." (Emphasis ours.)

In their brief plaintiffs accepted all of the foregoing statement of the facts except for the portion above italicized by us. It is plaintiffs' position that evidence that the road's surface was oil mat asphalt rock, as stated by the county, was contradicted by evidence of plaintiff Dell Clary and a state police officer, both of whom testified that the road at the curve appeared to have a tar-like surface.

■ We now give our attention to the first assignment. The county urges the trial court erred in admitting evidence of prior accidents at the same location. The assertion is without merit. Under the controlling statute, plaintiffs had the burden of showing that the road was in fact dangerous and defective. Under such circumstances, under ORS 368.935, supra, evidence of accidents at the same place is some evidence that the condition was dangerous and defective, and as evidence of prior accidents was properly admitted for that purpose. *Coates v. Marion County,* 96 Or 334, 340, 189 P 903 (1920); *Saunders v. Williams & Co.,* 155 Or 1, 7-9, 62 P2d 260 (1936). See Anno 70 ALR2d 167 et seq. As done in the *Coates* case, supra, the trial judge very properly limited this evidence as showing that the road was dangerous and defective.

The second assignment represents that the court erred in denying the county's motions for nonsuit and directed verdict. These motions rest solely upon the contention that there was insufficient evidence showing that the road was dangerous and defective.

■ It is clear that in the absence of statute a county is not liable for injuries resulting from the con-

dition of a public road. *Templeton v. Linn County*, 22 Or 313, 29 P 795, 15 LRA 730 (1892). ORS 368.935 permits such a recovery and having thus imposed a liability upon counties, it must be strictly construed. *Schroeder v. Multnomah County*, 45 Or 92, 97, 76 P 772 (1904). In order to maintain an action for damages resulting from negligent upkeep of a county road, the party sustaining injury must, therefore, bring himself within the express language of the enactment. See *Bailey v. Benton County*, 61 Or 390, 395, 111 P 376, 122 P 755 (1912).

In their respective complaints plaintiffs allege that at the scene of the accident the road was defective and dangerous in the following particulars: (1) the presence of a sharp, inadequately-banked curve; (2) the absence of an adequate guardrail on the right of the road where it curves; and (3) the existence of a slick, hazardous oil surface. They further allege that the county was negligent in failing to post any signs warning approaching motorists of the existence of the curve. The county maintains that none of these conditions come within the meaning of "defective and dangerous," as employed in ORS 368.935. The county argues that the statute refers only to a defect or obstruction in the surface of the road itself, i.e., one which interferes with movement over the highway rendering it perilous, hazardous or unsafe.

The county's contention rests primarily upon *Tyler v. Pierce County*, 188 Wash 229, 62 P2d 32 (1936). The items listed by plaintiffs in *Tyler* as dangerous road conditions were substantially similar to those which plaintiffs assign in the instant matter. The Washington court held that the county was not chargeable with negligence in maintaining a highway by reason of the particulars relied upon.

154

The *Tyler* case has no validity or proper application here. To appreciate and understand that conclusion one must remember there are two distinct types of liability statutes authorizing actions for damages against counties and other municipal corporations. One is exemplified by Oregon's ORS 368.935, the other by Washington's RCW 4.08.120.[1]

The Washington statute is not limited to county road defects, but imposes liability generally for negligence and all actions brought under it are determined according to common-law rules. Under a long line of Washington decisions the county is only required to exercise ordinary diligence and reasonable care to keep its public ways in a reasonably safe condition. *Sutton v. City of Snohomish,* 11 Wash 24, 39 P 273 (1895); *Boggess v. King County,* 150 Wash 578, 274 P 188 (1929); *Berglund v. Spokane County,* 4 Wash2d 309, 103 P2d 355 (1940); *Simmons v. Cowlitz County,* 12 Wash2d 84, 126 P2d 479 (1941).

■ The Oregon statute is in a sense a special statute limited to one kind of action for damages. It is not coextensive with the common-law liability for negligence. It imposes a liability created by statute arising from "the defective and dangerous character of the highway," and does not turn upon the question of whether the county exercised due diligence in the premises, as in Washington, but rests on the existence of a defective and dangerous condition in county roads and bridges and its causal connection with the injury.

---

[1] "An action may be maintained against a county or other of the public corporations mentioned or described in RCW 4.08.110, either upon a contract made by such county, or other public corporation in its corporate character and within the scope of its authority, or for an injury to the rights of the plaintiff arising from some act or omission of such county or other public corporation."

See *Bailey v. Benton County,* supra (61 Or at 395), where Mr. Justice McBride declares:

"The preliminary question being disposed of, we shall proceed to the construction of the section. In our opinion these are the plain conditions prerequisite to a recovery: (1) Plaintiff must have been lawfully traveling upon the highway. (2) He must have received an injury by reason of a defect in the highway. (3) His own negligence must not have contributed to such injury. (4) He must have been ignorant of the defect. *If the defect exists under these conditions no diligence in inspection will protect the county from liability.* The law [ORS 368.935] imposes upon the county the duty to *absolutely discover and know the conditions of its roads* and bridges, and practically makes its failure to discover these *actionable negligence.* The statute is drastic and perhaps vicious. * * *" (Emphasis ours.)

The fundamental differences between the Washington liability statute and the limited scope of the Oregon act, and the different judicial approach required by each, render the *Tyler* case and other Washington decisions of little value in determining liability under ORS 368.935.

▮ We now address ourselves to the question of whether the three defects which plaintiffs allege as the contributing cause of their accident are within the meaning of "defective and dangerous" road conditions. Counsel for the county informs us he could find no Oregon case bearing directly upon what constitutes a defective and dangerous condition of a road. He has apparently overlooked *Campbell v. City of Portland,* 204 Or 654, 260 P2d 1094, 285 P2d 529 (1955), which we find of some help in this matter. In that case a motorist brought an action against the city of Portland for injuries sustained when she drove her car off the

pavement at the end of a city street which formed a "T" intersection and which was unmarked by a warning sign or protected by a barrier. We there held that "the absence of barricades or warning signs along the street * * * was a defect in the street itself." (at 662)

We also said in the *Campbell* case (at 661) that " 'A defect implies a deficiency, a lack or want.' " Quoting from *Erickson v. Meier & Frank Co.,* 142 Or 76, 85, 18 P2d 207.

In *Campbell* (at 661-662) we placed emphasis upon the following statement from *Hayden v. Inhabitants of Attleborough,* 73 Mass 338, 343:

" '* * * And we have no doubt that want of a railing necessary to the security of travellers is a "deficiency" in a way, within the meaning of this § 26, as it had been held to be a "defect" within the meaning of § 22 of the same chapter, which rendered towns answerable for damages sustained by reason of any defect in a way. Palmer v. Andover, 2 Cush. 600.' "

This quotation is of especial interest here because section 22 of ch 25 of the Massachusetts Revised Statutes referred to was quite similar to the content of ORS 368.935, in that it permitted recovery against counties or towns by anyone injured "by reason of any defect or want of repair" in any highway, town way, causeway or bridge.

Statutes of sister states with provisions similar to ORS 368.935 and decisions of those states holding that conditions similar to those alleged in plaintiffs' complaints were "defects," could be cited at length. For a review of such legislation, see R. A. Leflar and B. E. Kantrowitz, *Tort Liability of the States,* 29 NYU L Rev 1363 (1954). For cases holding that road condi-

tions comparable to those alleged by plaintiffs are "defects," see marginal note.[8] These and other decisions construing statutes like ORS 368.935 point out that as a general rule: whether a particular condition is dangerous and defective is usually a question of fact.[9]

It is our conclusion that there was sufficient substantial evidence in the record to support the findings by the jury that a dangerous and defective condition existed in the county road which proximately caused

---

[8] Foley v. State, 22 Misc2d 1012, 203 NYS2d 196, 199, 214 NYS2d 665 (1960), sharp curve, inadequate guardrails, variation in banking on the curve, failure to maintain adequate warning signs; Carthay v. County of Ulster, 5 App Div2d 714, 168 NYS2d 715, 169 NYS2d 436 (1957), sharp curve, improper banking, slippery surface due to tar "bubbling up" through stone surface in hot weather, inadequate barrier, inadequate warning sign; LeBoeuf v. State, 169 Misc 372, 7 NYS2d 621, aff'd 256 App Div 798, 23 NE2d 550 (1938), sharp curve, improper banking, slippery due to maintenance of macadam surface, inadequate warning signs; Sporborg v. State, 226 App Div 113, 234 NYS 476 (1929), no guardrail, slippery-oily surface, 20 degree curve, no warning signs; Karl v. State, 18 NE2d 852, revg 255 App Div 825, 7 NYS2d 132 (1939), slippery "fat spot" on highway; Lusk v. State Highway Department, 181 SC 101, 186 SE 786 (1936), improper banking, loose sand on surface, inadequate warning signs, no guardrail; Silva v. Fresno County, 63 Cal App2d 253, 146 P2d 520 (1944), sharp right angle turn, failure to replace knocked down warning sign; Rippe v. City of Los Angeles, 50 Cal App2d 189, 123 P2d 47 (1942), absence of barrier or warning sign at dangerous point where one street curved into another; Bigelow v. City of Ontario, 37 Cal App2d 198, 99 P2d 298 (1940), "dip" in road, adequacy of warning sign for jury; Rubell v. Santa Clara County, 27 Cal App2d 377, 80 P2d 1023 (1938), street terminated at point it met a cross street, loose gravel on road, failure to replace knocked down warning sign, no barricade. See, also, Anno 55 ALR2d 1000 re warning signs and devices for curves on highways.

[9] Gentekos v. City and County of San Francisco, 163 Cal App2d 691, 329 P2d 943, 948 (1958); Bigelow v. City of Ontario, supra (99 P2d 298); Tynan v. State, 291 NYS 284, 285 (1936); Linn v. Town of Hartford, 135 Conn 469, 66 A2d 115, 117 (1949); Louisville & N.R. Co. v. Hadler's Admr., 269 Ky 115, 106 SW2d 106, 110 (1937); Keller v. City of Port Washington, 200 Wis 87, 227 NW 284, 285 (1929).

the injuries suffered by plaintiffs and that defendant's motions for nonsuit and a directed verdict were properly overruled.

Judgment affirmed.