Argued November 22, affirmed December 11, 1917, rehearing denied January 15, 1918.

## BUTTLE *v.* DOUGLAS COUNTY.*

(168 Pac. 1180.)

**Highways—Defects—Personal Injuries—Burden of Proof.**

1. Under Section 6375, L. O. L., giving persons injured on county highways a right of action, one injured by defects in highway must, to recover, prove that he was lawfully traveling thereon; that he was injured by reason of a defect therein; that his own negligence did not contribute to such injury; that he had no knowledge of the defect or dangerous condition of the highway.

*On liability of counties for torts and negligence as to highways, see note in 39 L. R. A. 53.                              REPORTER.

Highways—Personal Injuries—Liability of County—Dirt Roads.

2.    Section 6375, L. O. L., giving persons injured on county highways a right of action, on account of defects, applies to any county road, regardless of material, and so applies to dirt roads; it being the duty of the county to keep its highways in a reasonably safe condition, whatever the material used.

Highways—Personal Injuries—Liability of County—Dirt Roads—Questions for Jury.

3.    Evidence *held* to present question for jury whether driver of stage-coach, which tipped over owing to deep mudhole in highway and injured plaintiff, was negligent.

Highways—Personal Injuries—Action—Issues.

4.    Where plaintiff alleged injuries on a duly and legally established county road, and the answer so admitted, no issue as to whether the road was established by prescription could be tried, in the absence of allegation to such effect.

Highways—Personal Injuries—Question for Jury.

5.    In action for injuries when stage-coach tipped over, due to mudhole, in county highway, where evidence warranted finding that neither plaintiff nor the driver was negligent, and that the road was defective, there was no error in denying nonsuit.

From Lane: GEORGE F. SKIPWORTH, Judge.

This is an action by R. M. Buttle against Douglas County, to recover for personal injuries in which a verdict was returned and judgment entered in favor of plaintiff and defendant appealed.    Affirmed.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action for personal injuries occasioned by a defective highway.    The cause was tried by the court and the jury and a verdict rendered in favor of the plaintiff for $1,300.    From the ensuing judgment the defendant appeals.

The complaint alleges to the purport:

(1)    That defendant is a public corporation.

(2)    That it has control of the county roads and it is its duty to keep them in a safe condition and to give warning if the roads are unsafe.

(3) That there is a county road duly and legally established between Drain and Scottsburg in that county.

(4) That on April 11, 1913, plaintiff was traveling over this road in pursuit of his lawful business.

(5) That the road had fallen into disrepair and was dangerous to travel. thereon in that it was cut up with large ruts.

(6) That the defendant knew this but took no steps to repair it or to warn the public of the danger.

(7) That the plaintiff had no knowledge of the defect or danger, and was not guilty of any negligence.

(8) That plaintiff was injured by reason of the defective condition of the road, setting forth his injuries and his damages.

Defendant demurred to the complaint and after the same was overruled answered and admitted the first, second, third and fourth allegations thereof, denied the dangerous condition of the road or that the defendant knew of it, denied the injuries and damages, and further set up that plaintiff's injury was sustained by reason of his own negligence in attempting to jump from the stage-coach, and by the fault and negligence of the stage line upon which he was traveling.

The new matter of the answer was put in issue by the reply. At the close of plaintiff's case defendant asked for a nonsuit.    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George Neuner, Jr.,* District Attorney.

For respondent there was a brief over the names of *Mr. C. A. Hardy, Messrs. Huston & Huston* and *Mr. William W. Cardwell,* with an oral argument by *Mr. Hardy* and *Mr. Samuel B. Huston.*

MR. JUSTICE BEAN delivered the opinion of the court.

Section 6375, L. O. L., provides:

"Whenever any individual, while lawfully traveling upon any highway of this state or bridge upon such highway, the same being a legal county road, shall, without contributory negligence on his part, and without knowledge upon his part of the defect or danger, sustain any loss, damage, or injury in consequence of the defective and dangerous character of such highway or bridge, either to his person or property, he shall be entitled to recover of the county in which such loss, damage, or injury occurred, compensatory damages, not to exceed the sum of $2,000 in any case. * * "

1. Under this legislative enactment it is incumbent upon the plaintiff before he can recover for an injury caused by a defective and dangerous condition of a county highway to prove that he was lawfully traveling thereon; that he was injured by reason of a defect therein; that his own negligence did not contribute to such injury; that he had no knowledge of the defect or dangerous condition of the highway: *Bailey* v. *Benton County*, 61 Or. 390, 395 (111 Pac. 376, 122 Pac. 755); *Gigoux* v. *Yamhill County*, 73 Or. 212, 218 (144 Pac. 437).

2. The motion for a nonsuit requires an examination of the proof to ascertain if these prerequisites were complied with on the part of the plaintiff. In our opinion he produced plain evidence tending to show each of the conditions specified and to advance the case to the jury. The defense claimed herein is largely theoretical and not based upon the facts which the testimony tended to show. It is asserted by the defendant that the law does not apply to dirt roads; but with this contention we are unable to agree. It is the duty of a county to keep its highways in a reasonably

safe condition whatever the material may be with which they are constructed. Indeed, the evidence in this case tended to show that there was an entire lack of construction of the road at the place of the accident, but that the ground was left in its natural condition and that the same was wholly unfit and dangerous for travel thereover. The jury so found.

It is contended by counsel for defendant that the stage company was negligent and liable for the injury to plaintiff, and not the defendant county. If his injury was caused by the negligence of the stage company then that claim would seem to be tenable. The evidence tended to disclose the following state of facts: The plaintiff in the course of his occupation was lawfully traveling and riding in a stage along a county road between Drain and Scottsburg in Douglas County. The vehicle came to a large mudhole in the road with rails sticking up at an angle in the ruts which were from 12 to 18 inches deep. To avoid this the driver, who was proceeding carefully in a walk, turned out to the right the width of the stage and drove for a distance, estimated from 120 feet to 150 yards, until he approached a small ravine where there was a culvert across the road. In order to cross the same he was obliged to turn back into the old track where it was muddy to a depth of 3 or 4 inches. In doing so the left front wheel of the stage-coach dropped into a "hole in the road or rut" from 12 to 18 inches deep causing it to tip over injuring the plaintiff severely. The road was at the time and place in a dangerous condition. At the sides of the track the ground was about 18 inches higher than the track itself which had eroded owing to there being no drainage or ditch. It was thought by the driver that one wheel struck a loose rock.

3. In charging the jury the trial court made it plain to them that in order to recover plaintiff must prove that there was a defect in the highway and that this defect was the proximate cause of the injury; that the injury sustained by the plaintiff was caused solely and entirely by the defective and dangerous condition of the highway; and that if any other cause contributed to the injury they must find for the defendant. Under the evidence in this case and guided by these instructions the question of the negligence of the driver of the stage-coach contributing to the injury was one for the jury and it was set at rest by their verdict. From the evidence the jury could reasonably find that the stage driver was driving in a careful manner and was not negligent in turning out of the usual traveled track but necessarily did so in order to proceed along the journey and avoid the dangerous mud-hole in one of the old tracks; and that there was no negligence on the part of the stage company which contributed to the injury. It appears that at that part of the road there were five different tracks which had been traveled.

4. Again, it is urged in behalf of the defendant that the evidence does not show a defective or dangerous condition of the road, and that the accident did not occur in the county road; that the highway was established by user and extended in width no farther than the use which created it. In the first place we do not think that the admission of the defendant county as to the legally established road leaves any issue to be tried in regard thereto, but that it must be considered in the absence of any allegation to the contrary that the road was established in the usual manner. However, the question as to the propriety of the driver in turning out of one of the beaten tracks all depended upon the

condition of the road when he reached the large mud hole. All the conditions and circumstances relating thereto were fully explained to the jury and were passed upon by that tribunal under proper instructions by the court. That the county road was in a defective and almost impassable condition is shown beyond any controversy. The case cited by the learned counsel for defendant, *Stricker* v. *Town of Reedsburg,* 101 Wis. 457 (77 N. W. 897), does not support the theory that the turning out of a vehicle from the usual traveled track of a highway established by prescription in order to avoid a defect in such road would be negligence, but is authority for the reverse. In the precedent cited it was found that the road mentioned was in good condition for a width of 26 feet and that the diversion was voluntary and without necessity; while in the case at bar the evidence tended to show that the driver turned out from the beaten track to avoid a large mudhole which travelers had evidently attempted to temporarily repair by placing rails in the ruts which rails the vehicle had caused to stand at an angle; and that it was necessary for the driver to make such diversion.

5. A careful examination of the record does not disclose any error in the admission of evidence. The case was fairly tried and submitted to the jury upon proper instructions. There was no error in denying the motion for a nonsuit and we find none in the trial of the cause. The judgment of the lower court is therefore affirmed.     AFFIRMED.     REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.