Argued May 10; affirmed July 17, 1968

GODELL, *Appellant, v.* JOHNSON, *Respondent.*

443 P. 2d 203

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, Philip A. Levin and Gerald D. Gilbert, Portland.

*Sidney E. Thwing* and *Windsor Calkins,* Eugene, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER,*

---

* McAllister, J., did not participate in the decision of this case.

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## SLOAN, J.

This is an appeal by plaintiff from the retrial of this case ordered by *Godell v. Johnson,* 1966, 244 Or 587, 418 P2d 505. Plaintiff is dissatisfied with the amount of the verdict, which was substantially reduced from that of the first trial.

Plaintiff was injured when operating the edger machine in defendant's mill. He attempted to brush off a dial with his hand and in the process got his hand and arm caught in the machine. He was working at the time as a substitute for the regular edgerman. The issues involved the safety of the machine and the amount of instruction given plaintiff before he started to operate the machine.

■ His first seven assignments challenge the refusal of the trial court to give requested instructions. Each of the seven requests would have directed the jury to find that defendant had violated one particular requirement or section of the Basic Safety Code or of the Safety Code for Sawmill, Woodworking and Allied Woods Products Industries. Each request would have also told the jury that if the violation of the code was a cause of the accident, then it should find for plaintiff.

The weakness of plaintiff's appeal is that there is some conflicting evidence in respect to whether or not the particular sections of the safety code in issue had been violated. Some of the evidence on defendant's behalf, in this respect may have been unacceptable to the jury but there was evidence of compliance with the safety code requirements. Consequently, if we were to

accept plaintiff's arguments, it would require that we act as a jury and weigh the evidence. The conflict in the evidence cannot be otherwise resolved.

■ Plaintiff also assigns error for the failure of the trial court to allow a mistrial because of alleged misconduct of defendant's counsel in argument to the jury. The argument for mistrial also includes reference to some evidence admitted relative to defendant's physical condition that was of questionable relevancy. The situation presented does not justify a reversal. *Johnson v. Hansen,* 237 Or 1, 389 P2d 330, 390 P2d 611.

Affirmed.