Argued July 19, affirmed in part, reversed in part and remanded
for further proceedings September 21, petition for rehearing de-
nied October 14, petition for review denied November 30, 1971

LEONARD, *Appellant, v.* JACKSON ET AL,
*Respondents.*

488 P2d 838

*Wendell Gronso,* Burns, argued the cause for ap-
pellant. With him on the brief were Roy Kilpatrick

and Robert Dayton, John Day, and John Smallmon, Hermiston.

*Norma J. Paulus,* Salem, argued the cause for respondents. With her on the brief were Malcolm F. Marsh and Clark & Marsh, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

Plaintiff brought this action for damages for injuries she sustained when a large rock fell through the windshield of her automobile as she was traveling along the Columbia River highway in Umatilla County. The defendants are the members of the State Highway Commission, the state highway engineer, maintenance engineer, division engineer, district maintenance superintendent and section foreman.

In her amended complaint plaintiff alleged that defendants were negligent in planning and establishing said highway "adjacent to a cliff which was approximately vertical" so that "large rocks could and would free-fall on the traveled portion of said highway * * * creating an unreasonably dangerous condition * * * which the defendants * * * knew or should have known." In addition she alleged defendants were negligent in "failing to * * * [c]onstruct, maintain and operate the highway and adjacent cliffs in such a fashion as to prevent rocks from striking users of the highway," and in failing to "[r]emove the loose rocks above the highway."[1]

---

[1] In plaintiff's original complaint she alleged that defendants were protected by a policy of liability insurance the premium for

The defendants demurred to the complaint upon the ground that the complaint failed to state a cause of action, citing as authority *Smith v. Cooper*, 256 Or 485, 475 P2d 78 (1970), which held that public officers and employes are generally immune from liability for alleged negligence in planning and designing highways. The lower court sustained defendants' demurrer and plaintiff appealed.

To the extent that plaintiff's allegations of negligence involve planning and designing of the highway, *Smith* is controlling, plaintiff cannot claim a right of recovery thereon, and defendants' demurrer was properly sustained. However, plaintiff also alleged negligence in failing to remove loosened rocks above the highway in question. Removal of rocks within the highway right of way might constitute highway maintenance and could be a ministerial act. The evidence may or may not sustain these allegations. This can only be determined by the trial judge after he has heard the evidence. *Smith* expressly recognized that negligent performance of a ministerial act, as distinguished from a discretionary act, could be the basis for recovery. Therefore defendants' demurrer should not have been sustained.[2]

which had been paid with state funds, and further alleged that the policy provided that the insurance carrier would not assert as a defense the immunity of the State of Oregon. This allegation was stricken on motion of defendants.

[2] In Smith v. Cooper, 256 Or 485, 495, 475 P2d 78 (1970), the court also recognized that the public officer or employe would be protected from liability for negligently performed ministerial acts by any insurance policy authorized to be purchased at public expense by ORS 243.110 (now repealed), which provided:

"(1) Any county, school district, municipal corporation and any state agency, including any state officer, board, commis-

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.

sion, department, institution or branch of the state government, may purchase liability insurance, in such amounts and containing such terms and conditions as it may deem necessary, for the protection of its board or commission members, officers and employes against claims against them incurred by such board or commission members, officers and employes in the performance of their official duties. The premiums for such insurance shall be paid out of appropriations or funds available for expenditure by the state agency, district or county purchasing the insurance.

"(2) No state agency, county, school district or municipal corporation shall purchase or renew liability insurance under this section unless the policy or contract of insurance provides that the insurer will not, in any proceeding brought on the policy or contract, assert as a defense the immunity of this state, or such county, school district or municipal corporation, against suit.

"(3) Nothing in this section shall be construed as a waiver by the State of Oregon of any immunity against suit."