Argued June 1, affirmed August 10, 1972

WEAVER, *Appellant, v.* LANE COUNTY ET AL
(No. 101564), *Respondents.*

499 P2d 1351

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for appellant. With him on the briefs were Johnson, Johnson & Harrang and Winfrid K. Liepe, Eugene.

*Windsor Calkins,* Eugene, argued the cause for respondents. With him on the brief were Calkins & Calkins, Eugene.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

THORNTON, J.

This is a personal injury action against Lane County and its director of public works, Gerald Attig, for injuries received by plaintiff in a two-car collision on a county highway, allegedly caused by defendants' negligence.

Plaintiff appeals from a judgment granting a directed verdict in favor of defendant Attig, and granting a motion for judgment n.o.v. in favor of defendant Lane County. The judgment n.o.v. followed a jury verdict in favor of plaintiff, awarding damages in the amount of $10,000.

Plaintiff contends that the trial judge erred:

(1) In striking portions of the complaint alleging common-law negligence on the part of defendant Attig in designing, constructing and inspecting the highway, and in failing to erect adequate warning signs;

(2) In granting defendants' motion for a directed verdict with respect to defendant Attig; and

(3) In allowing defendant Lane County's motion for judgment n.o.v. for plaintiff in the sum of $10,000.

Defendant Attig is in charge of and responsible for the county road system. As previously stated, plaintiff's action against defendant Attig was based on common-law negligence. The trial court granted a directed verdict in favor of Attig on the basis of the immunity of public employes for discretionary acts on the authority of *Smith v. Cooper*, 256 Or 485, 475 P2d 78 (1970).

Plaintiff's action against defendant Lane County was based on two alternative theories. The trial judge concluded that under our governmental tort liability law (ORS 30.260 to 30.300), the county has the same immunity as Attig (ORS 30.265(2)(a)). The plaintiff contended, on his second theory, that the county was liable under the county road and bridge statute. Former ORS 368.940 (repealed Oregon Laws 1969, ch 429, § 6), which had not been expressly repealed as of the date the collision occurred.

There is a lack of direct evidence in the record as to what actually happened, inasmuch as the plaintiff apparently suffered amnesia as a result of injuries received in the crash and could remember little of the circumstances.

The accident occurred at approximately 6 p.m. on November 15, 1968, at the intersection of Sheffler Road and Poodle Creek Road. Plaintiff was proceeding home after work and was traveling north from Noti, along Poodle Creek Road. It was dark and raining. Plaintiff had been on Poodle Creek Road only once previously, at which time he had traveled in the opposite direction (south) during daylight hours.

The following is a diagram of the scene adapted from defendants' Exhibit A:

The accident took place in the right-hand portion of a "Y"-type intersection at a point where Poodle Creek Road takes a 10 degree turn to the left. Sheffler Road joins Poodle Creek Road from the right (north side) at this point forming the right leg of the "Y" referred to. Prior to construction of the curve this portion of Sheffler Road had constituted a part of Poodle Creek Road. Thus, this particular segment of Sheffler Road where the collision occurred was actually a straight-line extension from Poodle Creek Road.

Plaintiff testified that he does not remember the events that occurred after leaving Noti on Poodle Creek Road. What actually happened must of necessity be reconstructed from the nature of the accident itself, the conditions of the area, the testimony of witnesses who arrived after the collision and the inferences that can be drawn therefrom.

As plaintiff's automobile approached the junction another car was stopped at the stop sign located at the edge of Poodle Creek Road, and in the south-

bound lane of Sheffler Road. The driver of the second car was waiting to enter Poodle Creek Road. Plaintiff's car struck the second car in a nearly head-on collision, causing extensive damage to both cars and serious injuries to plaintiff.

Plaintiff's Exhibit 10 is a photograph depicting the rear of the second car, taken shortly after the accident, before the cars were moved. This photo indicates that the second car was on an incline, as does the testimony of the photographer who took the photo. Testimony of defendant Attig and of plaintiff's expert witness reveals that Poodle Creek Road is higher in elevation at this intersection than Sheffler Road. The incline is about four to five per cent. Further testimony revealed that there were no signs on Poodle Creek Road indicating the curve or the "Y" intersection with Sheffler Road.

Plaintiff's theory was that, as he was traveling north on Poodle Creek Road, he was blinded by the headlights of the car stopped at the intersection. The steep grade (four to five per cent) caused the lights to be in a blinding position and the nature of the intersection caused cars stopped on Sheffler Road to face head-on the northbound traffic on Poodle Creek Road. Plaintiff further theorizes that as a result of this blinding effect, the deception it caused, and the lack of warning signs, he was deceived into thinking that Poodle Creek Road continued in a straight line instead of curving to the left. (There was a broken center stripe on Poodle Creek Road.)

Apparently plaintiff realized at the last moment that the road curved. This can be inferred from the testimony of the investigating officer that he found

skid marks 66 feet in length which commenced on Poodle Creek Road and led directly to the tires of plaintiff's car at the point of impact.

Plaintiff's first and second assignments of error are best treated as one for they both relate to the directed verdict in favor of defendant Attig. Plaintiff's contention is that the court should not have struck the allegations of negligence relating to Attig and should not have ruled that, as a matter of law, Attig's acts or failures to act were discretionary. Plaintiff argues that the court's ruling is not required by *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970); that under the evidence the acts, or failures to act, by Attig were ministerial; and that the question of whether the acts were discretionary or ministerial was for the jury to decide.

The defendants did not demur to plaintiff's complaint, which our Supreme Court has declared is the proper procedure to raise the defense of immunity. *Smith v. Cooper,* supra. However, the same function is fulfilled by a motion for a directed verdict after all the evidence has been presented. *See, Ridley v. Portland Taxicab Co.,* 90 Or 529, 177 P 429 (1919). A motion for a directed verdict raises a question of law for the court, requiring the court to rule on the sufficiency of the evidence. *Godell v. Johnson,* 244 Or 587, 418 P2d 505 (1966), *appeal after remand* 250 Or 496, 443 P2d 203 (1968).

Defendants' motion for directed verdict was based on the grounds that there was no question of negligence (as to Attig) to submit to the jury and further that since Attig's alleged negligence was in the performance of discretionary functions, *Smith v.*

*Cooper,* supra, is controlling in that Attig is within the public employe immunity rule.

The case as to Attig depends on the character of the work that was or was not done. According to the pleadings and the evidence defendant Attig was in charge of the county road system. His duties included designing, constructing, maintaining and inspecting all legal county roads.

Plaintiff alleged in his complaint that defendant Attig was negligent in the following particulars:

"(1) In failing to require that the intersection of Sheffler Road with Poodle Creek Road be designed or redesigned so that the two roads intersected at a safe angle and grade.

"(2) In failing to require that the intersection of Sheffler Road with Poodle Creek Road be constructed and maintained, or reconstructed and maintained so that the two roads intersected at a safe angle and grade.

"(3) In failing to require that adequate signs, barriers, or other devices be erected and maintained to warn approaching automobiles of the dangers of the intersection of Sheffler Road with Poodle Creek Road, and of the curve in a westerly direction on Poodle Creek Road.

"(4) In failing to require that the intersection of Sheffler Road with Poodle Creek Road and the approaches thereto be inspected for dangers and defects, and in failing to inspect the intersection of Sheffler Road with Poodle Creek Road and the approaches thereto for dangers and defects."

The court heard all the evidence presented by both parties. There was no dispute as to the facts. On the basis of the pleadings and the evidence presented, the court ruled that defendant Attig was performing a discretionary function.

■ The determination of whether a public employe is acting in a discretionary function or in a ministerial function is a question of law to be decided by the court. *Smith v. Cooper,* supra at 511; *Ogle v. Billick,* 253 Or 92, 99, 453 P2d 677 (1969); *Leonard v. Jackson,* 6 Or App 613, 488 P2d 838, Sup Ct *review denied* (1971).

A ministerial act is described as

"* * * being one that is done 'where the law prescribes and defines the act to be performed, with such precision and certainty as to leave nothing to the exercise of discretion, or judgment,' in contrast to a judicial act [discretionary act] which 'involves the exercise of discretion or judgment in determining whether the duty exists' * * *." *State v. Nagel,* 185 Or 486, 499, 202 P2d 640 (1949).

■■ We agree that evidence clearly established that defendant Attig was engaged in the performance of discretionary functions here, and that he was immune from suit.

Plaintiff's third assignment of error is that the court erred in granting the defendant Lane County's motion for judgment n.o.v. Defendant Lane County moved the court for a directed verdict at the same time as defendant Attig. The court denied Lane County's motion and allowed the issue of liability under ORS 368.940 to go to the jury. The court indicated, however, that it would consider a motion for judgment n.o.v. in the event the jury returned a verdict for plaintiff.

At the time of the accident, November 15, 1968, ORS 368.940① was in effect. Also in effect was the

---

① ORS 368.940:

"Whenever any individual, while lawfully traveling upon any highway of this state which is a legal county road or

1967 version of our governmental tort liability law (ORS 30.260 to 30.300). This law was amended in 1969 by the same legislative enactment which repealed ORS 368.940. Oregon Laws 1969, ch 429. Plaintiff's action was filed on November 13, 1970.

The question now becomes: Does the governmental tort liability law (ORS 30.260 to 30.300) conflict with, and thus supersede ORS 368.940 (the defective road and bridge statute), or does plaintiff's claim under ORS 368.940 exist as a separate cause of action?

The 1967 tort liability law became effective on July 1, 1968. ORS 30.265(4). Plaintiff's cause of action arose on November 15, 1968.

■ ORS 368.940 created a special cause of action in tort against a county because of a defect in a county road. *See, Clary v. Polk County,* 231 Or 148, 372 P2d 524 (1962); *cf. Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969). This cause of action is based on negligence and is an exception to the common-law immunity of a governmental body. *Ogle v. Billick,* 253 Or 92, 94, 453 P2d 677 (1969).

---

bridge upon such highway, without contributory negligence and without knowledge of the defect or danger, sustains any loss, damage or injury to person or property in consequence of the defective or dangerous condition of the road or bridge of which the county court or board of county commissioners or county road department for such county has notice, or of which, in the exercise of ordinary care, any of them should have had notice and sufficient time to remedy such defective or dangerous condition, he is entitled to recover of the county in which the loss, damage or injury occurred, compensatory damages, not exceeding $10,000 in any case, by action in the circuit, district or justice's court in the county if the amount of damages sued for does not exceed the jurisdictional limit of the court."

The 1969 amendment to the tort liability law retained ORS 30.300 (1967), which provides:

"ORS 30.260 to 30.300 is exclusive and supersedes all home rule charter provisions and conflicting laws and ordinances on the same subject."

ORS 30.320 was amended by the 1969 enactment to provide, in part, that:

"* * * An action may be maintained against any governmental unit mentioned in ORS 30.310 for liability in tort only as provided in ORS 30.260 to 30.300." Oregon Laws 1969, ch 429, § 4.

■ This language is a clear indication of a legislative intent that as of the 1969 enactment a claim against a public body can only be brought under the governmental tort liability law. Therefore, under the 1969 amended version of the tort liability law, no cause of action can exist under ORS 368.940, regardless of the 1969 repeal of the statute.

■ We agree with plaintiff that the 1969 version of the tort liability law should not be given retroactive effect. *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *Smith v. Clackamas County,* supra.

■ The 1967 version of the tort liability law provides in ORS 30.265(2)(f) that:

"(2) Subsection (1) of this section does not apply to:

"* * * * * *

"(f) Any claim against a public body as to which the public body is immune from liability or its liability is limited by the provisions of any other statute."

ORS 368.940 limits the county's liability for de-

fective road conditions to $10,000. ORS 30.265(3) (1967) provides:

"As to any claim enumerated in subsection (2) of this section, a public body shall be liable only in accordance with any other applicable statute." (Deleted Oregon Laws 1969, ch 429, § 1.)

ORS 30.265(3) (1967 version) permits claims against public bodies, excepted under ORS 30.265(2) (1967), to be brought if permitted by some other statute. ORS 368.940 permits a claim against a public body to be brought which is not in conflict with the policy and purpose of the governmental tort liability law which makes every public body liable for its torts, subject to specified exceptions. *Swanson/Martin v. Coos County,* 4 Or App 587, 481 P2d 375 (1971); *see,* Henke, Oregon's Governmental Tort Liability Law from a National Perspective, 48 Or L Rev 95 (1968).

For the above reasons we conclude that at the time the action was filed plaintiff had a cause of action against defendant Lane County under ORS 368.940. To the extent that the court relied on *Smith v. Cooper,* supra, and the tort liability law as authority for granting the motion for judgment n.o.v., the court erred.

Defendant Lane County also based its motion for judgment n.o.v. on the ground that plaintiff had not met the burden of proof required under ORS 368.940. *Buttle v. Douglas County,* 87 Or 105, 168 P 1180 (1918), sets out the elements and the burden of proof for ORS 368.935, the predecessor to ORS 368.940. *Accord: Clary v. Polk County,* 231 Or 148, 372 P2d 524 (1962). ORS 368.940 does not appear to have changed the burdens.

■ An examination of the record indicates that the court properly instructed the jury as to the elements

of a cause of action under ORS 368.940. The jury was also instructed as to the respective burdens of proof. The record further indicates that the defendant took no exceptions to the court's instructions. We conclude that the case was fairly tried and submitted to the jury upon proper instructions. Based on the evidence presented, guided by the court's instructions, the jury found for the plaintiff and against the defendant Lane County. The court erred in granting defendant Lane County's motion for judgment n.o.v.

Summarizing, the judgment below in favor of Attig is affirmed. The judgment n.o.v. in favor of defendant Lane County is reversed and remanded with instructions to enter judgment against defendant Lane County in the amount of the jury's verdict.

Affirmed in part; reversed in part and remanded.