Argued March 16, reversed and remanded April 12, 1976

WRIGHT, *Appellant,*

*v.*

SCAPPOOSE SCHOOL DISTRICT NO. IJ et al,
*Respondents.*

(No. 20782, CA 5324)

548 P2d 535

*Donald Winfree,* Portland, argued the cause for appellant. With him on the brief were Welsh & Winfree.

*Thomas N. Blamer,* Portland, argued the cause for respondents. With him on the brief were Cosgrave & Kester, Portland.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

SCHWAB, C. J.

.

## SCHWAB, C. J.

Plaintiff was injured when he fell 18 feet from the top of a slide fire escape on the outside of a school building operated by the defendant school district. Before he fell, plaintiff had been playing on the fire escape.

Plaintiff's second amended complaint alleged that the defendants knew or should have known that children regularly played on the fire escape, climbing to the top and sliding down it. The complaint alleged that the slide "fire escape *was not functional* * * * in that there was another fire escape which was in use, and defendants were negligent *for not removing* the slide fire escape * * *." (Emphasis supplied.) The trial court granted defendants' demurrer grounded on governmental immunity. We reverse.

■ Much has been written about the discretionary versus ministerial dichotomy that the immunity issue raises.[1] There is nothing we can add other than our conclusion in this case—limiting our consideration to the allegations of the complaint and accepting them as true for present purposes, we cannot say that the decision whether to *remove* a *nonfunctional* fire escape that created a *known* hazard was other than ministerial. Further pleadings or evidence can, of course, be the basis for a contrary conclusion.

■■ The weakness in defendants' argument that their alleged nonfeasance was discretionary is best indicated by noting that their brief relies on "facts" that are not in the complaint:

"* * * The decision to continue to use a wooden, sec-

---

[1] *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970); *Keeland v. Yamhill County,* 24 Or App 85, 545 P2d 137 (1976); *Baker v. State Bd. of Higher Education,* 20 Or App 277, 531 P2d 716, Sup Ct *review denied* (1975); *Lanning v. State Hwy. Comm.,* 15 Or App 310, 515 P2d 1355 (1973); *Weaver v. Lane County,* 10 Or App 281, 499 P2d 1351 (1972); Henke, *Oregon's Governmental Tort Immunity Law From a National Perspective,* 48 Or L Rev 95 (1968); Lansing, *The King Can Do Wrong! The Oregon Tort Claims Act,* 47 Or L Rev 357 (1968); Note, *Smith v. Cooper, Discretion, Immunity, and the Oregon Tort Claims Act,* 7 Will L J 355 (1971).

ond story classroom, the use of which necessitated the continued presence of a slide fire escape [was discretionary] * * *."

There is nothing in the complaint about any use of any classroom; defendants are attempting to make a "speaking demurrer," which is not authorized.[2] *Griffith v. Hanford,* 169 Or 351, 358, 128 P2d 947 (1942). Whether the presence of the slide fire escape was "necessary" is a question of fact properly raised by an answer denying plaintiff's allegation the escape "was not functional," not a question of law properly raised by a demurrer. *Brown v. Siemens,* 117 Or 583, 590, 245 P 510 (1926).

Many cases, primarily *Smith v. Cooper,* 256 Or 485, 488, 475 P2d 78, 45 ALR3d 857 (1970), approve of raising the immunity defense by way of a demurrer. But we do not read the cases as holding that immunity must be raised by demurrer or can only be raised by demurrer. *Borden v. City of Salem,* 249 Or 39, 41, 436 P2d 734 (1968):

"* * * It did not appear from plaintiff's complaint that the dog was being used in law enforcement work at the time of the alleged attack on plaintiff. The defense of governmental immunity, therefore, could not be raised by demurrer, but only by answer * * *."

*See also, Weaver v. Lane County,* 10 Or App 281, 287, 499 P2d 1351 (1972).

Reversed and remanded.

---

[2]Likewise, plaintiff is subject to the same criticism for arguing that defendants have waived any possible immunity defense by purchasing insurance, because there is nothing in his complaint that refers to the existence of insurance.

Were this issue properly raised, its resolution would appear to depend upon the legislative intent behind the 1975 repeal of former ORS 30.280 which provided that the procurement of insurance was not a waiver of immunity, and the apparent replacement of former ORS 30.280 with ORS 30.282 which simply authorizes the procurement of insurance without stating whether such action has any effect on immunity. Oregon Laws 1975, ch 609, §§ 19 and 25, pp 1507, 1510.