Argued January 24, reversed and remanded February 28, 1977

JONES, *Appellant,*

*v.*

CHEHALEM PARK & RECREATION
DISTRICT, *Respondent.*

(No. 32573, CA 6768)

560 P2d 686

Donald O. Tarlow, Newberg, argued the cause for
appellant. With him on the briefs was Brown &
Tarlow, Newberg.

[ 711 ]

Larry A. Brisbee, Hillsboro, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson and Johnson, Judges.

JOHNSON, J.

SCHWAB, C. J., concurring in part and dissenting in part.

**JOHNSON, J.**

This is an action for personal injuries under the Oregon Tort Claims Act, ORS 30.260 et seq, alleging negligence by a park and recreation district in the design and operation of the driveway and parking area adjacent to the district's public swimming pool. The defendant park and recreation district's demurrer was sustained by the trial court and plaintiff appeals. The other named defendants are not parties to this appeal. The ground for the demurrer was that the defendant is immune from liability under ORS 30.265(2)(d) which provides:

> "Every public body is immune from liability for:
> "* * * * *
>
> "Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

The complaint states that the pedestrian entrance and exit from the pool leads directly to a circular single lane driveway. Immediately adjacent to the driveway is a parking area with angle parking so that automobiles leaving the parking area must first back into the driveway toward the pool entrance. The accident occurred when plaintiff was leaving the pool entrance and was struck by a car backing up in the driveway. The plaintiff alleges that defendant was negligent in seven particulars:

> "1. Failure to provide sidewalks or other safe means of exit from the Chehalem Pool facility.
>
> "2. Failure to post any warning signs or notices to advise plaintiff and the general public of the danger in exiting said pool.
>
> "3. Failure to erect or post any warning signs or notices warning drivers of motor vehicles of pedestrian traffic exiting said pool facility.
>
> "4. Failure to provide a crosswalk or other safe means of crossing said circular driveway.
>
> "5. Failure to erect and post adequate traffic directional signals and signs in said circular driveway so as to control traffic flow and parking.

"6. Failure to maintain existing traffic direction signs in a sufficient manner so as to be observable by vehicular traffic.

"7. Failure to maintain a guard or other supervisory personnel to safeguard and control pedestrian and vehicular traffic in front of said pool facility."

The trial court was in error in sustaining the demurrer with respect to allegation 6.

The "discretionary function or duty" exception to tort liability provided for in ORS 30.265(2)(d) is common to both state and federal tort liability laws. *See, e.g.,* Cal Gov Code § 820.2 (West 1966); 28 USCA § 2680(a) (1965). Judges and scholars have diligently attempted to define the exception without great success. The leading decision in Oregon is *Smith v. Cooper,* 256 Or 485, 499-511, 475 P2d 78 (1970). In that case the court did not purport to define the exception, but rather establish guidelines which were admittedly imprecise. We will not attempt to paraphrase those guidelines, but quote:

"The difficulty with all these attempts to state the distinction between 'discretionary' and 'ministerial' is that all, or almost all, acts performed by government employees involve some judgment or choice * * *. The issue is really, how much 'discretion' must be involved in the performance so as to render the employee immune? This means that at some point along the continuum of discretion a division must be made with liability on one side and immunity on the other and this division must necessarily be arbitrary.

"* * * * *

"* * * In our opinion * * * 'Where there is room for policy judgment and decision there is discretion.' [Dalehite v. United States, 346 US 15, 36, 73 S Ct 956, 97 L Ed 1427 (1953).]

"* * * * *

"* * * we do not find the planning-operational dichotomy to be of assistance and do not adopt it.

"* * * * *

"* * * Although the California court has not been

definitive in stating the factors or the content of each factor, we find its basic reasoning of assistance.

"In attempting to state when acts are deemed 'discretionary' the California court in Lipman v. Brisbane Elementary Sch. Dist., 55 Cal2d 224, 230, 11 Cal Rptr 97, 359 P2d 465 (1961), stated:

" '* * * Although it may not be possible to set forth a definitive rule which would determine in every instance whether a governmental agency is liable for discretionary acts of its officials, various factors furnish a means of deciding whether the agency in a particular case should have immunity, such as the importance to the public of the function involved, the extent to which governmental liability might impair free exercise of the function, and the availability to individuals affected of remedies other than tort suits for damages.'

"* * * * *

"* * * a decision is discretionary in the sense that the superintendent has a wide latitude of decision uncontrolled by any specific rules.

"* * * * *

"The most decisive factor but one most difficult to articulate is that it is essential for efficient government that certain decisions of the executive or legislative branches of the government should not be reviewed by a court or jury. The reason behind such factor is that the bases for the legislative or executive decision can cover the whole spectrum of the ingredients for governmental decisions such as the availability of funds, public acceptance, order of priority, etc.

"* * * * *

"We hold that state employees are generally immune from liability for alleged negligence in planning and designing highways."

The Oregon courts have applied these tests with the following results: In *Jarrett v. Wills,* 235 Or 51, 383 P2d 995 (1963), cited with approval in *Smith v. Cooper, supra* at 506, the court held that the decision of the state hospital administrator to grant a leave of absence to an inmate was discretionary. In *Keeland v. Yamhill County,* 24 Or App 85, 545 P2d 137 (1976), the

[ 715 ]

decision to permit inmates in the jail to possess razor blades was held to be ministerial. *Smith* held that the design of a highway intersection was discretionary. In *Daugherty v. State Highway Comm.,* 270 Or 144, 526 P2d 1005 (1974), at 147-48, the court held that the decision whether the State Highway Commission should maintain roads in the state free from ice was "maintenance" and "merely ministerial." In *Baker v. State Bd. of Higher Ed.,* 20 Or App 277, 531 P2d 716, Sup Ct *review denied* (1975), it was held that the selection of a site by a governmental agency for holding "Indian Powwows" was considered discretionary.

A review of decisions by federal and other courts has not shed any light, but merely compounds the confusion. *See, e.g.,* Reynolds, *The Discretionary Function Exception of the Federal Tort Claims Act,* 57 Ga L J 81 (1968).

The underlying difficulty is the futility in attempting to differentiate between complex functions of government through the use of the term "discretionary" and to afford to that term a definition contrary to the English language. There is judicial reluctance to have judges and juries assume a role, wholly foreign to our system of government, of being the ultimate decision makers determining which actions of government are negligent or not negligent, or in other words determining which actions of government are reasonable. Traditionally, this is a legislative judgment.

We will now examine the allegations of the complaint and determine where along the "continuum of discretion" the division falls between immunity and liability. "This division must necessarily be arbitrary." *Smith v. Cooper, supra* at 499. We conclude that plaintiff's allegations 1 and 7 relating to the design and construction of sidewalks and the stationing of guards are matters requiring substantial expenditures of public funds and the weighing of significant public priorities, and thus wholly within the discretion of the

public body to decide. We might be prone to hold that plaintiff's allegations 2, 3, 4 and 5 relating to signs and crosswalks do not come within the immunity exception. While the design and construction of the driveway is for the public body to decide, it would not seem unreasonable to conclude that there is a duty to have adequate signs to warn the public of a resulting dangerous condition. In *Smith,* however, plaintiff made identical allegations concerning signs warning motorists of a dangerous highway intersection. The court held that the decision was a discretionary function or duty. *Accord, Turrini v. Gulick,* 16 Or App 167, 517 P2d 1230 (1974); *Weaver v. Lane County,* 10 Or App 281, 499 P2d 1351 (1972).

Plaintiff's allegation 6 alleges failure to maintain in a reasonable manner existing traffic direction signs. This allegation concerns government activity that can be categorized as "maintenance" and thus "merely ministerial." *Daugherty v. State Highway Comm., supra* at 147-48; *Lanning v. State Hwy. Comm.,* 15 Or App 310, 515 P2d 1355 (1973). By erecting the signs defendant has acknowledged that a dangerous condition exists and assumed a responsibility to warn the public. Plaintiff is entitled to go to trial on the question whether there was negligence in the maintenance of the signs proximately causing the injury.

Reversed and remanded.

**SCHWAB, C. J.,** concurring in part and dissenting in part.

For the reasons stated in my dissent in *Baker v. State Bd. of Higher Education,* 20 Or App 277, 531 P2d 716, Sup Ct *review denied* (1975), I would have overruled the demurrer which was sustained on the ground of immunity as to all of the allegations of negligence contained in plaintiff's complaint, not just one of them.