Argued August 19, reversed and remanded September 26, 1977

HULEN, *Appellant,*
*v.*
CITY OF HERMISTON, *Respondent.*
(No. 11,001, CA 7890)
569 P2d 665

Roy Kilpatrick, Mt. Vernon, argued the cause and filed the brief for appellant.

Alex M. Byler, Pendleton, argued the cause for respondent. With him on the brief were George H. Corey, and Corey, Byler & Rew, Pendleton.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an action for personal injuries under the Oregon Tort Claims Act, ORS 30.260 et seq, alleging negligence by the city in allowing its employe, a policeman, to drive a loose horse across a public road. Plaintiff alleges that defendant was negligent in four particulars:

"1. Allowing its employee to chase loose horses across public roadways without lights or warning devices.

"2. Permitting its employee to chase loose horses without assistance.

"3. Not stopping traffic or flagging traffic before driving loose horses across a public roadway.

"4. Driving loose horses on a public highway knowing that it could not control them or prevent injury to plaintiff or others similarly situated."

The defendant-city moved to strike the above allegations on the ground that they described acts immunized from liability under ORS 30.265(2)(d), which provides:

"Every public body is immune from liability for:
"* * * * *

"Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

The trial court granted the motion, plaintiff declined to plead further, and a judgment was entered in favor of the city.

The parties treat the city's motion as a demurrer in raising the issue of the sufficiency of the plaintiff's complaint. For purposes of this appeal we will do the same.

Plaintiff's allegations at first blush appear to describe conscious policy decisions made by the city with respect to the control of loose horses generally. As such, the acts may arguably fall on the immunity side of the "continuum of discretion." *See Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970). However, it is also possible to construe the complaint as alleging an

isolated incident of negligence by city police officers in handling loose horses on a city street. Such action, particularly in the absence of any conscious policy decision by the city, would more likely be ministerial in nature and thus not within the exception stated in ORS 30.265(2)(d).

■ In *Jones v. Chehalem Park and Rec. Dist.,* 28 Or App 711, 714-15, 560 P2d 686, Sup Ct *review denied* (1977), we discussed the factors looked to in determining whether a particular governmental act is a "discretionary function or duty." These factors include: (1) whether there is room in the carrying out of the function for policy judgment or decision, (2) the importance of the public function involved, (3) the extent to which governmental liability might impair the free exercise of the function, (4) the availability to individuals affected of remedies other than tort suits for damages, and (5) whether the function described is so essential for efficient governmental operations that its propriety should not be subject to review by a court or jury.

■ The broad allegations in the complaint do not state sufficient facts for a court to apply the above criteria, and thus the trial court erred in allowing defendant's motion. Although *Smith v. Cooper, supra,* holds that the immunity issue may be raised by demurrer this is not the exclusive means for adjudicating that issue. *Wright v. Scappoose School Dist.,* 25 Or App 97, 103, 548 P2d 535 (1976); *Leonard v. Jackson,* 6 Or App 613, 488 P2d 838, Sup Ct *review denied* (1971). We are not unmindful of the desirability of disposing of the immunity issue early in the proceedings. The concurring opinion suggests that plaintiff has the burden to plead in his complaint that the conduct complained of is not immune from liability. To the contrary the burden is on defendant to plead immunity. *Borden v. City of Salem,* 249 Or 39, 41, 436 P2d 734 (1968). It may be necessary in some cases to hear the evidence before a determination can be made by the court whether a public agency was performing a discretion-

ary function or duty. However, defendant also may be able to bring this issue before the court in an adjudicative status through a variety of pretrial devices such as by motion to make more definite and certain or by answer and summary judgment.

Reversed and remanded.

**TANZER, J.,** specially concurring.

The pleading practice surrounding sovereign immunity is not entirely symmetrical, *Wright v. Scappoose School Dist.,* 25 Or App 103, 548 P2d 535 (1976), but we need not unnecessarily complicate it. I take a simpler view of the pleading rules applicable to this case.

A demurrer lies to test the complaint against this truism: a complaint either states a cause of action by plaintiff against the defendant or it does not.[1] This is so regardless of whether parts of the complaint may, upon motion, be stricken or made more definite and certain. Accordingly, here the motion is treated as a demurrer and the issue we are called upon to answer as a matter of law is: does the complaint state a cause of action for which defendant is liable to plaintiff?

The majority states that we cannot answer that question because we cannot tell from the complaint whether the city's alleged acts are excepted from immunity under the Tort Claims Act, ORS 30.265(2)(d). The Supreme Court has held that the immunity issue is properly raised by demurrer, *Smith v. Cooper,* 256 Or 485, 475 P2d 78 (1970). Therefore, the majority to the contrary, if the complaint is capable of two interpretations, one establishing liability and one which fails to establish liability, then it

---

[1] ORS 16.260(6) provides:

"The defendant may demur to the complaint * * * when it appears upon the face thereof:

"* * * * *

"(6) That the complaint does not state facts sufficient to constitute a cause of action * * *."

is elementary that the complaint is defective. That is because if the defendant admits every allegation, all that is established is that it might be liable. The mere possibility of liability, however, is not sufficient basis for a judgment. A demurrer tests for the allegation of a cause of action of plaintiff against defendant, not for the allegation of a possibility of a cause of action. ORS 16.260(6). Therefore, the conclusion of the majority that the demurrer should have been overruled because we cannot tell from the complaint whether or not it alleges a cause of action for which defendant is liable is fallacious.

The majority says that the discretionary/ministerial issue may be impossible to resolve until evidence has been heard. That may be true as a matter of proof, but not as a matter of pleading. Pleadings are sufficient or not on their faces. The fact that the evidence may ultimately fail to prove a cause of action does not relieve the pleader of the obligation of first alleging one.

The difficulty of pleading facts within the exceptions to sovereign immunity should properly be accommodated by the degree of specificity which the court requires of the pleading. It is no reason to validate a complaint which does not allege a cause of action.

Were I not alone and were I required to analyze the merits rather than merely demonstrate my disagreement with my colleagues, I would incline to the view that under the reasoning of *Jones v. Chehalem Park & Rec. Dist.,* 28 Or App 711, 560 P2d 686 *rev den* (1977), the allegations are sufficient to describe ministerial acts for which the city would be liable. The ambiguity relied upon by the majority is not evident to me. That is not to say that a motion to make definite and certain would not have been warranted, but there was not one. Therefore, I would hold that the motion/demurrer should have been overruled because the complaint is sufficient. The majority, by sidestepping the issue of

sufficiency of the complaint, leaves the parties to proceed to trial in a state of uncertainty which I believe we should assist them to avoid.