Argued March 24, affirmed June 20, reconsideration denied July 26, petition for review denied September 6, 1978

GUILD, *Respondent,*
*v.*
SAALFELD, *Appellant.*
(No. A77 05 07183, CA 9360)

580 P2d 197

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and George P. Livesley, Assistant Attorney General, Salem.

Robert G. Hawkins, Gresham, argued the cause for respondent. With him on the brief was Hawkins, Germundson, Scalf & Young, Gresham.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff filed a complaint seeking specific performance of a mortgage cancellation insurance policy between her and the defendant. Defendant's demurrer to the complaint was not sustained. After the demurrer was denied, defendant declined to plead further and the circuit court entered a decree for the plaintiff. Defendant assigns as error the denial of his demurrer to plaintiff's complaint. The basis for defendant's demurrer was that plaintiff's complaint failed to state facts sufficient to constitute a cause of suit and that there was a defect of parties defendant.

Defendant notified plaintiff on March 13, 1975, that due to the dissolution of her marriage to Gordon Guild the records of the Department of Veterans' Affairs had been changed to indicate plaintiff was the sole owner of certain real property on which defendant had a first mortgage. Defendant had made the change pursuant to the change in ownership required by the decree of dissolution. Defendant indicated that Gordon Guild still retained a "respondent interest" in the property and that so long as he held this interest the mortgage concellation insurance on her ex-husband's life would remain in effect. Plaintiff further alleged that she paid premiums to the defendant for the insurance until after her ex-husband died on July 10, 1976.

After Mr. Guild's death plaintiff made claim to defendant for the benefits under the mortgage cancellation policy. On November 24, 1976, defendant notified plaintiff that the mortgage would be paid in full from the proceeds of the policy as soon as plaintiff forwarded a death certificate to the defendant. Plaintiff did so, but defendant subsequently refused to satisfy the mortgage balance and to cancel the mortgage.

Plaintiff also alleged that defendant was estopped to deny that there was valid insurance coverage payable upon the death of Gordon Guild because of the

representations defendant had made on March 13, 1975, and November 24, 1976, and the fact that defendant continued to collect insurance premiums from plaintiff.

■ The facts recited above, which are contained in plaintiff's complaint, must be accepted as true for the purpose of ruling on a demurrer. *Lincoln Loan v. State Hwy. Comm.,* 274 Or 49, 52, 545 P2d 105 (1976).

■ Defendant argues that the complaint fails to state a cause of suit because the state cannot be estopped by the unauthorized acts of its officers. The complaint, however, alleges a contract between the defendant and plaintiff, and seeks specific performance of the insurance policy. In apparent anticipation of an affirmative defense by the state, plaintiff has included allegations of estoppel, but the estoppel is not the basis of plaintiff's cause of suit, nor could an estoppel create a cause of suit in this instance. *See,* G. Bower, Estoppel by Representation 9-10 (1966). Thus, the defendant's first ground for the demurrer did not address the cause of suit alleged in plaintiff's complaint.[1]

■ The defendant's second ground for demurrer is that plaintiff failed to join an indispensable party as required by ORS 13.110. The defendant claims that the insurer who carried the master policy for the defendant's mortgage cancellation program was indispensable to the adjudication of plaintiff's complaint.[2]

[1]If, as defendant claims, the complaint was grounded solely on estoppel, the demurrer could not be sustained because the complaint alleges that Mr. Guild retained an interest in the property. Evidence would have to be adduced to show that Mr. Guild's interest was not cognizable under ORS 407.074(2), which states that "[i]f the borrower, at any time while still owning said property * * * dies, the insurance shall be used to pay the balance of the state loan."

[2]Defendant has asked the court to take judicial notice of the master policy issued by the carrier to defendant to provide the mortgage cancellation insurance. We decline to do so. Nothing in the complaint mentions the policy or implies that it has any effect on the agreement between plaintiff and defendant. Therefore, to allow defendant to supplement his demurrer with the master policy is contrary to the established rule against speaking demurrers. *Wright v. Scappoose School Dist.,* 25 Or App 103, 548 P2d 535 (1976).

[ 890 ]

■ The defendant's argument cannot be sustained. Plaintiff alleged a contract with the defendant and not with defendant's insurance carrier. The only reference to the carrier is contained in defendant's November 24, 1976, letter which was incorporated by reference into the complaint, and that reference does not render the carrier an indispensable party. It may have been appropriate for defendant to interplead the insurance company, but it was unnecessary for plaintiff to join the carrier.

Affirmed.