Argued June 21, affirmed August 22, 1978

MAYSE, *Appellant,*
*v.*
COOS COUNTY et al, *Respondents.*
(No. 77-73, CA 9491)
583 P2d 7

William N. Kent, Eugene, argued the cause for appellant. On the brief was Gary K. Jensen, P. C., Eugene.

G. Jefferson Campbell, Jr., Coos Bay, argued the cause for respondents. With him on the brief was Newhouse, Foss, Whitty & Roess, Coos Bay.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

This is a negligence action, against Coos County and its agent, in which plaintiff seeks to recover for personal injuries and property damage allegedly caused by the County's negligent maintenance of the Coos Bay Wagon Road.

The County raised immunity as an affirmative defense, contending that plaintiff's claim is barred because it is "based upon the performance of or the failure to exercise or perform a discretionary function." ORS 30.265(3)(c). Pursuant to stipulation of the parties, there was an evidentiary hearing on the immunity issue.[1] The trial court ruled that immunity attached and entered judgment for defendants. Plaintiff appeals.

The Coos Bay Wagon Road is a gravelled one-lane road with periodic turnouts. Plaintiff alleges that, while driving his logging truck along that road, an approaching vehicle forced him to drive partially onto the road's right shoulder in order to avoid collision. In attempting to maneuver his truck back onto the road, plaintiff struck a large boulder which projected over the shoulder and onto the travelled portion of the road. This, in turn, caused his truck to go into a ditch on the opposite shoulder resulting in personal injury and property damage. Plaintiff's theory of liability is expressed in his complaint:

"The defendants were negligent in the following manner:

"(a) In failing to exercise ordinary care to keep and maintain the highway at the aforementioned location in

[1]The parties agreed to a bifurcated trial in which the immunity issue would be heard by the judge sitting without a jury and, if necessary, a jury would subsequently be empanelled to decide the negligence issue. Resolution of the immunity issue is sometimes facilitated by analyzing it in a more complete factual context than is provided by the pleadings. However, the extensive evidence presented in this case was largely extraneous. A more expeditious procedure, such as summary judgment, ORS 18.105, could have been employed.

[ 781 ]

a reasonably safe and unobstructed condition, sufficient for use that might reasonably be contemplated;

"(b) In failing to exercise ordinary care to keep and maintain the shoulder of the highway at the above described location in a reasonably safe and unobstructed condition, sufficient for use that might reasonably be contemplated;

"(c) In failing to place any sign or warning of said dangerous condition along said highway at said point, and;

"(d) In failing to properly inspect said highway and shoulder to discover said obstruction and correct or repair it."

It was established by uncontroverted evidence that the condition caused by the protruding stationary boulder and the ditch had existed for over 30 years. The condition was created by the Civilian Conservation Corps (CCC) when it widened the road. Engineers for the County explained that the condition resulted from the primitive method of road construction employed by the CCC. No plan was used. The construction crew simply cut the road attempting to maintain a minimum width and a maximum grade. They built around the boulder.

Negligence actions against governmental bodies arising out of the design and maintenance of highways have been frequently litigated and, consequently, the applicability of the discretionary act exception in this context is well settled. Generally, the planning and design of highways and the decision of whether and where to place warning signs have been held to be discretionary acts for which immunity attaches. *Smith v. Cooper,* 256 Or 485, 511, 475 P2d 78, 45 ALR3d 857 (1970); *Jones v. Chehalem Park & Rec. Dist.,* 28 Or App 711, 560 P2d 686 *rev den* (1977); *Weaver v. Lane County,* 10 Or App 281, 499 P2d 1351 (1972). On the other hand, maintenance of highways, such as the removal of ice from bridges, has been held to be a ministerial function upon which governmental liability may be predicated. *Daugherty v. State Highway*

*Comm.,* 270 Or 144, 526 P2d 1005 (1974); *Jones v. Chehalem Park & Rec. Dist., supra; Lanning v. State Hwy. Comm.,* 15 Or App 310, 515 P2d 1355 (1973).

■■    According to these principles, plaintiff's allegation (c), relating to the County's failure to post warning signs, charges conduct for which the county is immune. *Turrini v. Gulick,* 16 Or App 167, 517 P2d 1230 *rev den* (1974). Although the other allegations of negligence are phrased in terms of failure to properly maintain the road, the hazard involved in this case was created in the process of road design and construction. Thus, plaintiff does not assert that defendants' failure to maintain the road caused an unsafe condition to occur, but rather that the County failed to eliminate an unsafe feature which was a component of the design of the road. Anomalously, the essence of plaintiff's claim is not a failure of maintenance, but rather that the defendants maintained the road as designed instead of changing it. The decision to change a design, like the design itself, is a discretionary act. *Smith v. Cooper,* 256 Or at 511-12. Accordingly, we hold that plaintiff's claim is based upon discretionary acts of the County and, therefore, immunity attaches.

Affirmed.