Argued March 24, reversed and remanded September 18, 1978

MOODY, *Appellant,*
*v.*
LANE COUNTY, *Respondent.*
(No. 76-5246, CA 9059)

584 P2d 335

John B. Arnold, Eugene, argued the cause for appellant. With him on the briefs were Arthur C. Johnson and Johnson, Harrang & Mercer, Eugene.

Randall Bryson, Eugene, argued the cause for respondent. On the brief were Richard Bryson, Calkins & Calkins and Bryson & Bryson, Eugene.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

This is an action for wrongful death against Lane County. The decedent was allegedly killed in a head-on automobile collision at an intersection which was designed and maintained by the County. Plaintiff alleges that, after the County identified a hazardous condition at the intersection and authorized minor changes in traffic control which would have alleviated that condition, it unreasonably delayed making those authorized changes. Plaintiff further alleges that the County's negligent delay was a proximate cause of decedent's death.

The County demurred to plaintiff's second amended complaint on the ground that the County's alleged failure to act was a discretionary function for which it was immune under the Tort Claims Act. ORS 30.265(3)(c).[1] The circuit court sustained the demurrer and, after plaintiff declined to plead further, judgment was entered for the County. This appeal followed.

■ The discretionary act exception to the general waiver of governmental immunity contained in the Tort Claims Act is intended to preclude judicial review of certain political decisions which are expressly committed to other branches of government. The exception protects governmental decisions which involve public policy considerations such as the availability of funds, public acceptance and order of priorities. *Smith v. Cooper,* 256 Or 485, 506, 475 P2d 78, 45 ALR3d 857 (1970). In *Comley v. State Bd. of Higher Ed.,* 35 Or App 465, 582 P2d 443 (1978) we stated the underlying

---

[1] ORS 30.265(3)(c) provides:

"Every public body and its officers, employes and agents acting within the scope of their employment or duties are immune from liability for:

"* * * * *

"(c) Any claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused."

rationale of the discretionary act exception as follows:

"* * * To permit a jury or judge to pass upon the reasonableness of such governmental decisions in the context of a tort action would dilute the decision-making authority of the branch of government entrusted with the responsibility for that decision. The judiciary would thus become the final arbiter of the political decisions of the other co-equal branches of government. * * * [T]he discretionary act exception [is] a shield from this sort of judicial usurpation. In a sense, the exception served to preserve the separation-of-powers principle upon which our government was founded." 35 Or App at 475.

■ Application of the discretionary act exception in a manner consistent with its underlying doctrine requires examination of the nature of the government action upon which plaintiff's claim is based. If adjudication of the claim necessarily involves judicial second-guessing of a public policy based decision made by another branch of government, then immunity attaches. Conversely, if the claim does not involve judicial review of such a governmental decision, then the discretionary act exception does not apply even though defendant's conduct may involve judgment of a nongovernmental nature. *Comley v. State Bd. of Higher Ed.*

In this case, plaintiff's claim against the County, as set forth in her second amended complaint, is predicated upon the following conduct:

"Approximately a year prior to the date of the described collision, Defendant learned that the shape of the intersection and the existing traffic control at the intersection constituted an unnecessary traffic hazard which could be remedied by a simple and inexpensive change, to wit: The prohibiting of left turns from West 11th Avenue onto Crow Road and requiring vehicles which intend to proceed onto Crow Road to do so by proceeding farther west to the next intersection where they would make a 90° left turn off of West 11th Avenue thereby avoiding the long acute angle. Defendant exercised its discretion, selected a design which would eliminate the existing hazard caused by the long acute

angle of the existing intersection and made the decision to make appropriate changes. To accomplish those changes it was not necessary to acquire any additional land, and the necessary funds, manpower, and materials required to make the change were available and remained continuously availabe from the time of the decision until the date of the collision, approximately a year later, but the changes were not made during that time.

"\* \* \* \* \*

"Defendant was negligent in one or more of the following particulars:

"(1) In failing to make the changes at the intersection which it had decided to make, within a reasonable time after the decision.

"(2) In failing to place appropriate signs and to paint appropriate stripping to prevent westbound traffic from making left turns from West 11th Avenue onto Crow Road.

"(3) In failing to implement its decision to eliminate the existing hazard at the intersection within a reasonable time after the decision had been made and the corrective design had been selected."

These allegations are not specific enough for us to determine whether the County's conduct falls within the discretionary act exception. Based upon these allegations, the conduct involved may ultimately be shown to be either discretionary or ministerial. The pleadings allow inferences of either type of conduct. For example, the County's delay in implementing authorized changes in traffice control at the intersection may have flowed from an administrative or legislative determination of priorities with respect to the allocation of personnel, materials, and funds. If so, the County's conduct in failing to change the design is, like the initial highway design, an immune discretionary act. *Smith v. Cooper,* 256 Or at 511. On the other hand, although it is difficult to conceive of circumstances in which the acts causing the delay would be negligently performed implemental acts of a ministerial nature, we are unwilling in the absence of more

specific pleading or proof to conclude that such circumstances could not exist in face of a complaint which says they do.

Once a cause of action in tort has been alleged, immunity is an affirmative defense which must be raised and established by the defendant. Unless it is waived,[2] it may be raised in any pleading or motion appropriate for joining legal issues. *Comley v. State Bd. of Higher Ed.,* 35 Or App at 468-70 and n 3. If the availability of the defense is not apparent on the face of the complaint, a demurrer grounded on immunity should be overruled. *McBride v. Magnuson,* 282 Or 433, 578 P2d 1259 (1978); *Hulen v. City of Hermiston,* 30 Or App 1141, 1144, 569 P2d 665 (1977); *Leonard v. Jackson,* 6 Or App 613, 488 P2d 838 *rev den* (1971). Thereafter defendant may raise the defense again in a more definite factual context by motion to make more definite and certain, by answer, by a speaking motion such as a motion for summary judgment or by a motion for a directed verdict. *See, Hulen v. City of Hermiston,* 30 Or App at 1145.

In this case, because the applicability of the discretionary act exception is not evident based solely upon the allegations of plaintiff's complaint, the trial court erred in sustaining defendant's demurrer.

Reversed and remanded.

---

[2] *See also James & Yost, Inc. v. Board of Higher Edu.,* 216 Or 598, 601, 340 P2d 577 (1959), which, although containing language seemingly to the contrary (page 602), holds that unless raised at trial and preserved on appeal, immunity is waived as a matter of law (p. 604).